# WILLIAM BRYAN *v.* MATHEW MAUME AND JAMES B. McMINN.

STATEMENT ON APPEAL.—Neither the Court nor Judge has power to extend the time for appellant to make and file a statement on appeal from a judgment more than thirty days beyond the twenty days allowed by law, without the consent of the other party.

TIME TO FILE STATEMENT ON APPEAL.—An order extending the time for appellant to file a statement on appeal more than thirty days beyond the twenty days allowed by law, is good for the thirty days, without the consent of the other party.

WAIVER OF FAILURE TO MAKE STATEMENT IN TIME.—If a statement on appeal is not filed and served in time, the opposite party does not waive the default by not returning to appellant's attorney the copy of the statement served on him.

ORDER EXTENDING TIME TO MAKE STATEMENT.—If the appellant obtains an order extending the time to make a statement on appeal more than thirty days beyond the time allowed by law, the opposite party does not consent to such order by not making any objection thereto.

EVIDENCE AND PLEA OF TENDER.—In an action on a note and to foreclose a mortgage given to secure it, where the promissor and mortgagor is made defendant along with one claiming under the mortgagor by deed subsequent to the mortgage, the purchaser from the mortgagor cannot claim the benefit of nor offer testimony to show a tender of the amount due on the mortgage before suit brought, unless he pleads it. Such plea by the mortgagor will not avail the purchaser.

PLEA OF TENDER, AND KEEPING SAME GOOD.—It is a general rule that a defendant who pleads a tender to entitle himself to costs, must not only aver a tender, but that he has always been and is ready to pay the sum tendered, and the money must be brought into Court.

NEW MATTER IN AN ANSWER.—Under the statute the affirmative allegations of an answer stand controverted by the plaintiff, and the burden is on the defendant to prove the truth of such allegations.

FINDINGS OF FACT—WHEN DEFICIENT.—If the findings of the Court are deficient, the appellant must except to them for that reason, or the presumption will be that the facts not found warranted the judgment.

MINGLING FINDINGS OF FACT WITH ARGUMENT.—The findings of fact should not be interblended with matter of argument or the conclusions of law; each should be embodied in a separate paper.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp*, for Appellant.

The Courts have cheerfully extended the doctrine of acquiescence and waiver to great lengths. In the *Georgia Lumber Co.* v. *Strong*, 3 How. Pr. Rep. 246, the Court say : " The irregularity of the service of a paper is waived, if received and acted upon by the party upon whom it is served." In *Williams* v. *Gregory et al.*, 9 Cal. 76, the Court say : " The filing of a counter statement is a waiver of objections to want of notice of intention to move for a new trial." Also in *Dickinson* v. *Van Horn*, Id. 207, the Court say : " Where a party appears and argues a motion for a new trial, he cannot afterward object that the statement was not agreed to by him, and that it was not settled by the Judge."

*Edward Tompkins*, for Respondent.


By the Court, CURREY, J.

This action was commenced on the 14th of January, 1864, to recover the amount due from the defendant Maume, on a promissory note made in 1854, and which became due in 1855, and to foreclose a mortgage on certain real estate, executed to secure its payment. A judgment and decree was rendered in the case in favor of the plaintiff on the last day of May, 1864, and on the next day notice of the decision of the Court was served on the attorneys for the defendants. On the application of the defendant McMinn, the Court made an order on the 20th of June, 1864, that the time for preparing and filing the statement on appeal from judgment be extended twenty days. On the 7th of July, 1864, the same defendant filed his notice of appeal from the judgment to the Supreme Court, and served a copy of it on the plaintiff's attorney. This appeal was perfected on the eleventh of that month. On the ninth of the same month the Court, on the application of the defendant, McMinn, made another order of the same character, extending the time for twenty days more. The statement was prepared and filed on the 28th of the same July, and a copy of

it was duly served. On the next day the plaintiff's attorney gave notice that he would move the Court on the 8th of August that this statement on appeal be stricken from the files of the Court, and that the same be disregarded, on the ground that it was not prepared and filed and a copy thereof served within the time allowed by law for such purpose, and on the same day the Court made an order granting to the plaintiff ten days after the decision of his motion within which to make amendments to the statement, in the event that the motion should be denied. The motion was made and denied, and amendments were accordingly prepared on behalf of the plaintiff to the statement, to which the defendant McMinn refused to agree, and therefore gave plaintiff notice of appearance before the Judge who tried the cause for settlement. The plaintiff's attorney admitted service of the notice, reserving at the same time the right to object that the statement was not filed in time and that the Judge had no right to settle the same. The statement was afterwards settled and filed.

The plaintiff, in due time after the cause was placed on the calendar of this Court for argument, objected to the transcript on the ground that the statement contained therein was not filed within the time allowed by law. This objection is first to be disposed of, and, if well taken, precludes an examination of the errors assigned, depending for determination upon the matters embodied in the statement.

The statute gives to the appellant twenty days after entry of judgment in which to prepare a statement of the case to be annexed to the record of the judgment. If he omits to do so within the time thus limited, he is deemed to have waived his right thereto. ' So the statute declares. (Practice Act, Sections 338, 339.) But the period prescribed may be extended, upon good cause shown, by the Court in which the action is pending, or the Judge thereof, or, in his absence, by the County Judge; but it is provided that such extension shall not exceed thirty days beyond the time prescribed by the sections of the Act referred to, without the consent of the adverse party. (Practice Act, Section 530.) Without the

consent of the respondent, the appellant cannot have more than fifty days in which to prepare his statement of the case to be annexed to the record of the judgment. In this case the statement was not prepared and filed and a copy thereof served until more than fifty days had elapsed after the entry of the judgment and service of notice of the decision of the Court, and as a consequence the objection must prevail unless avoided by the consent of the respondent, or a waiver thereof on his part by some act equivalent to consent to an extension of time for performance beyond the fifty days.

It does not appear that the respondent's attorney consented in terms to extending the time prescribed by statute within which it was necessary to prepare the statement and to serve him with a copy of it. But it is claimed on behalf of appellant that no objection was interposed by respondent's attorney to the two orders extending the time, and his omission to do so was a waiver of any valid objection thereto, even if such an objection might properly have been made. The first order was clearly within the power granted to the Court by the statute, and the second was so to the extent of comprising the remainder of the thirty days which the Court was competent to grant, and hence, if objection had been made to either of such orders, it would have been unavailable. It is also claimed by the appellant that the failure of the plaintiff's attorney to return the copy of the statement served on him, and afterwards proposing amendments thereto, operated as a consent on his part to the extension granted by the Court. When the statement was filed, and a copy of it served, by judgment of the law, the appellant had waived his right to make it a matter of record, and a return of the copy could not have suggested to the appellant any course to be taken by him to rescue his case from the predicament of the waiver that already had accrued by his own *laches*. But it appears from the record that the plaintiff objected promptly, by giving notice on the following day of a motion for an order to strike the statement from the files of the Court, and that the same should be dis-

31

regarded, because not prepared and filed in time; and though he obtained an order at the same time granting him ten days after an adverse decision upon his motion to reject the statement, in which to propose amendments thereto, and afterwards—his motion having been denied—did propose amendments to the statement, we do not think he thereby, notwithstanding his objection, can be deemed to have waived it. The objection was in its nature to the power of the Court to extend the time beyond the additional thirty days. This objection has been kept prominently on foot at every stage of the proceeding since it was made in the first instance. To hold that the plaintiff shall be deemed to have consented to an extension of time beyond the limit of the Court's jurisdiction in the premises is not warranted in our judgment by the circumstances of the case. We therefore hold the plaintiff's objection to be well taken. This excludes from consideration the statement improperly annexed to the judgment.

The appellant insists that upon the finding of the Court the judgment cannot be sustained. The Court found, first, that there was due from the defendant Maume, on the note described in the complaint, the principal sum of one thousand dollars, with interest thereon from the 7th of March, 1860, at the rate of two and one half per cent per month. Second, that at the commencement of the action, and when the same was tried, the plaintiff was the owner of the note and mortgage described in the complaint. Third, that at the time the defendant Maume mortgaged the premises described in the complaint, he was in the possession thereof, and on the 15th of January, 1859, conveyed the same to one Michael Dundon, who, on the 10th of May, 1861, conveyed the same to the defendant McMinn. Fourth, that the evidence did not support the plea of the Statute of Limitations pleaded.

The defendant, Maume, by his answer averred that on the 8th of November, 1861, McMinn tendered to the owner and holder of the note and mortgage the sum of eighteen hundred dollars in payment of the amount due, but that the money was not accepted, and he averred that the lien of the mort-

gage on the premises, by reason of the tender, became forever released and discharged; and following this he alleged that he was willing, and thereby offered, to allow judgment to be entered against him on the note for such amount.   The Court found that testimony of the tender by McMinn was offered at the trial, but excluded on the ground that the tender was not kept good, and therefore the proposed testimony was immaterial.   The defendant Maume, who sought thus to support his answer, has not appealed.   He does not complain of this ruling of the Court, and we do not see how the appellant can avail himself of any objection to it, as he did not plead a tender of the money.

It is alleged in the complaint that after the note and mortgage were executed, and during the same year, Maume departed from the State, and had remained absent therefrom to the time the action was commenced.   This allegation is not controverted by either of the defendants.   It is also averred by plaintiff that McMinn has or claims to have some interest or claim to the mortgaged premises or some part thereof as purchaser, mortgagee, judgment creditor or otherwise, subsequent to and subject to the lien of the plaintiff's mortgage.   In his answer McMinn avers that on the 15th of January, 1859, the defendant Maume conveyed the premises by deed to Michael Dundon, and that such deed was duly recorded on the 20th of August of the same year; that Dundon went into the possession of the premises under this deed and continued in the occupation thereof to the 10th of May, 1861, when he conveyed the property to McMinn by deed of that date, which was duly recorded on the 21st of June of that year; that Dundon and McMinn respectively resided in the City and County of San Francisco from the 1st of May, 1859, to the time of the commencement of this action, and following this he pleaded that more than five years had elapsed since the conveyance executed by Maume to Dundon, and that the plaintiff's cause of action accrued as against the defendant McMinn's right, interest and estate in the premises described, more than four years next before the action was commenced,

and he claims in substance that by reason of the conveyance by Maume to Dundon and the lapse of four years therefrom before this action was commenced, the premises became discharged of the lien of the mortgage.

By the statute the affirmative allegations of the answer stood as controverted by the plaintiff without a replication (Practice Act, Sec. 65) and the burden was on the defendant to establish the truth of his defense, even if such defense would have availed anything, which it is unnecessary now to decide.  But assuming it to be an available defense, it does not appear from the finding of the Court that Dundon and McMinn, or either of them, were in the State, as alleged in McMinn's answer.  The Court states in the finding what each of the defendants sets up, but does not find whether the fact of the residence of Dundon and McMinn in the State during the time specified in McMinn's answer was true or otherwise. In this respect the finding was deficient, but the appellant omitted to take exception on account of it.  It is therefore to be presumed the appellant failed to prove on the trial this allegation of his answer, or in case the fact stood as presumptively true, it does not appear but that it was overcome by evidence to the contrary.  (Laws 1861, p. 589.)

The finding or decision of the Court consists in a great part of matter of discourse or argument, intermixed with a statement of what the respective defendants alleged in their answers.  It would seem gratuitous, did not this case and many others before us indicate otherwise, to suggest the impropriety of interblending matter of argument with the finding of facts and conclusions of law upon which judgment is to be entered.  If the Judge who may try and decide a cause desires to give his reasons for his judgment, they should be embodied in a separate opinion.  A finding of what the defendant alleged in his answer, and what this or that witness testified to, and that, too, without stating whether or not such testimony was found to be true or untrue, can serve no useful purpose, but on the contrary encumbers the record with that which is properly no part of it.  All that is required is a find-

ing of the facts and a statement of the conclusions of law upon which final judgment must follow.

Even the want of a finding would not authorize the reversal of the judgment if no exception was taken for that reason at the proper time, and however defective the finding in this case nothing can be presumed against the judgment, but every reasonable intendment must be indulged in in order to uphold it.

Judgment affirmed.