## JOHN P. JONES *v.* BERNARD BLOCK.

DEFECT IN A COMPLAINT CURED BY A VERDICT. — Where a complaint for money received by defendant to plaintiff's use, to be paid when requested, avers that defendant, though requested, has not paid, the defect in such form of averment of a demand of payment, if any there be, is cured by a verdict.

ERROR CURED.—If the Court refuses to allow the defendant to amend his answer, and then allows him to introduce his evidence on the point to which the amendment referred, and it appears from such evidence and the facts found upon other issues that the amendment is immaterial, no injury results from the refusal, and judgment will not be reversed on that ground.

FINDING OF FACTS BY THE COURT.—The findings of the Court should be a concise

and pointed statement of the several facts found, followed by the conclusions of law, without any mixture of argument, or the evidence from which the facts are found.

APPEAL from the District Court, Ninth Judicial District, Trinity County.

The complaint averred that between the first day of April, 1863, and the first day of August, 1863, the defendant had received eight hundred and twenty-nine dollars to and for the use of plaintiff, and belonging to plaintiff, and to be paid by the defendant to the plaintiff when the defendant should be thereto requested, and that, though requested, defendant refused to pay the same or any part thereof.

Plaintiff recovered judgment, and defendant appealed.

The other facts are stated in the opinion of the Court.

H. H. Hartley, for Appellant, argued that the complaint was fatally defective in not averring by whom the request to pay was made, and the place where or time when made, contending, that in this case an actual request was essential to support the action, and that when an actual request was necessary, a special request must be stated, and it must be averred by whom and to whom the request was made, and the time of making, and cited Chitty on Pleadings, 331. He further argued that this defect could not be cured by evidence or verdict, and cited Van Santvoord on Pleadings, 773; Halleck v. Porter, 10 Cal. 559; and Garner v. Marshall, 9 Cal. 268.

By the Court, SAWYER, J.:

The first point—viz: That the complaint does not state facts sufficient to constitute a cause of action—seems to have been made for the first time in this Court. Conceding some of the allegations to be defective, we think the defects are of such a character as to be cured by the verdict. Had the objection been taken at the proper time, the defect might have been obviated.

If there was any error in. refusing to allow the defendant to amend his answer, the evidence was admitted upon the point to which the amendment referred, and the facts found by the Court are of such a character as to render the amendment immaterial. No injury could have resulted from the refusal.

The only other error relied on in the appellant's brief, is, that the Court erred in finding that the plaintiff had not employed defendant to purchase the mining stock referred to in the evidence. On this point, and the other points specified in the statement, there was a substantial and decided conflict in the evidence. It is clearly one of the class of cases in which this Court would not be justified in setting aside the finding on the ground of insufficiency of evidence.

We would here suggest that the finding in this case is subject to the criticism contained in *Hidden* v. *Jordan*, 28 Cal. 305. It is desirable in all cases that the findings should be a concise and pointed statement of the several facts found, followed by the conclusions of law, without any mixture of argument, or the evidence from which the facts are found. The finding takes the place of a verdict. It is a special verdict, not an opinion, and is to form a part of the judgment roll. (*Bryan* v. *Maume*, 28 Cal. 244; *Duryea* v. *Burt*, 28 Cal. 588.)

Judgment affirmed.