H. W. COCHRAN, THOMAS J. YORK, SYDNEY M. YORK, AND JEROME YORK, COMPOSING THE GUATA-MALA COMPANY *v.* DENNIS O'KEEFE, JOHN KISER, MICHAEL MEAD, GEORGE O'DONNELL, HENRY MEYERS, D. DUDY, S. BATSON, WM. WITSELL, W. CAVANAUGH, MICHAEL GALEGAR, JAMES DWIER, P. CARL, F. HOWLETT, W. ARSHAMBO, THOMAS REDMAN, A. BURGAN, AND P. EAGAN, OF THE FOREST COMPANY.

NEW TRIAL—REVIEW OF ORDER GRANTING SAME.—Where the grounds of motion for and the order granting or denying a new trial consist alone of alleged errors of law occurring at the trial, this Court will, on appeal from said order, review the proceedings of the Court below, so alleged to have been erroneous, as in other cases where questions of law, and not matters of discretion, are involved.

EVIDENCE—SUFFICIENCY OF OBJECTION TO DEED.—At the trial, as shown by the settled statement on motion for new trial, plaintiffs introduced in evidence a deed from G. to the "Guatamala Mining Company," of an interest in the water right in litigation, to which the defendants objected, and stated as grounds of objection "that it was void as a conveyance of title to such property as a ditch or water right because it was not under seal, because it was not acknowledged, as required by law, because no foundation had been laid for its introduction in evidence as a conveyance of title from G., and because the Guatamala Company, as a company, could not take title by bill of sale, even if it was free from legal objection." The title of the complaint names the plaintiffs as composing the Guatamala Company, which is recognized as true by the answer. The Court below set aside a judgment which had passed for plaintiffs, and granted a new trial on the defendants' motion therefor, and based its decision on the ground that the deed was void for want of a grantee capable of taking under it. *Held*, first, that the objection as stated failed to state sufficiently the point on which it rested ; second, that, as stated, the objection seems to be that the instrument is void as a convey-ance of title to the Guatamala Company because it is a *bill of sale*, and not for want of a grantee named therein capable of taking ; third, that the deed upon its face is not void for the want of a grantee named therein, and said objections do not point to any defect of parties to the instrument.

APPEAL from the District Court, Tenth Judicial District, Sierra County.

This was an action to recover for alleged trespasses on a water ditch, and interference with its alleged water right, and to enjoin the further continuance of the acts complained of. The trial was by the Court without a jury, and plaintiffs had judgment. On the defendants' motion the Court below set aside the judgment and granted a new trial. Divers grounds of error were assigned by defendants, but the only one considered by the Court in granting a new trial was that the Court erred in admitting in evidence a deed from O. H. Gallop to "the Guatamala Company," under the objections of defendants, which were stated as follows, to wit: "That it was void as a conveyance of title to such property as a ditch or water right, because it was not under seal, and because it was not acknowledged, as required by law, and because no foundation was laid for its introduction in evidence as a conveyance of title from Gallop, and because the Guatamala Company, as a company, could not take title by the bill of sale, even if it was free from legal objections." Upon this objection the Court below held, in its written opinion delivered on said motion, that the deed was void for want of a grantee named therein capable of taking, and based its order solely on said ground. The deed was not under seal and duly acknowledged. The plaintiffs appealed from the order granting a new trial.

The other facts are stated in the opinion of the Court.

*Van Clief & Cowden*, for Appellants.

The objection to the introduction of the deed from Gallop to "the Guatamala Mining Company" was not sufficiently certain to entitle it to consideration. (Pr. Act, Sec. 189; *Covillaud* v. *Tanner*, 7 Cal. 38; *Kiler* v. *Kimball*, 10 Cal. 267; *Martin* v. *Travers*, 12 Cal. 245; 8 John. 496; 1 Cow. 622; 1 Wend. 418; 2 Cush. 27.) But if construed to be an objection to the deed that it is void for want of a party named

therein capable of taking under it, we say the objection is not well taken. At least, the deed tended to prove that plaintiffs had the equitable title. (*Bodley* v. *Ferguson*, 30 Cal. 511; *Racouillat* v. *Sansevain*, 32 Cal. 376; *Jackson* v. *Feather River W. Co.*, 14 Cal. 22.)

*James A. Johnson*, for Respondents.

The deed from Gallop to " the Guatamala Mining Company " was absolutely void for want of a grantee named therein capable of taking under it. (*Jackson* v. *Corey*, 8 Johns. 285; Shepherd's Touchstone, 235, 236; *Winter* v. *Stock*, 29 Cal. 411; *Wiseman* v. *McNulty*, 25 Cal. 238.)

By the Court, SPRAGUE, J.:

This is an appeal from an order of the Court below granting the defendants a new trial.

The only ground upon which the order was based, and the only point to which our attention is called by counsel for the respective parties on this appeal, is error of the Court, assigned by respondents as one of the grounds of their motion for a new trial, in admitting as evidence for plaintiffs, against objections of defendants, a deed from O. H. Gallop to the Guatamala Mining Company of the undivided half of the water right in controversy.

As appears by the statement on motion for new trial, the plaintiffs during the progress of the trial offered in evidence a deed from O. H. Gallop to the Guatamala Mining Company of the undivided half of the water right in controversy, to which defendants objected, and stated as ground of objection, " that it was void as a conveyance of title to such property as a ditch or water right, because it was not under seal, and because it was not acknowledged, as required by law, and because no foundation was laid for its introduction in evidence as a conveyance of title from Gallop, and because the Guatamala Company, as a company, could not

take title by bill of sale, even if it was free from legal objections."

The Court below granted the motion for a new trial on the ground that the deed was erroneously admitted in evidence, there being no grantee named therein capable of taking; the deed was void as a conveyance of title, and plaintiffs took nothing by it.

When the motion for a new trial is founded entirely upon alleged errors of law in the proceedings of the Court below, and the order granting or refusing a new trial is based solely upon that ground, this Court will review such action of the Court as in other cases when questions of law, and not matters of discretion, are involved. (*O'Brien* v. *Brady*, 23 Cal. 243.) In this case the ground of the motion for a new trial was purely a question of law, and the order of the Court granting a new trial was based solely on the assigned error in admitting in evidence the deed above referred to. The only question, therefore, which this Court is called upon to decide on this appeal from the order of the Court below is, was it error to admit the deed in evidence on behalf of plaintiffs against the objection thereto of defendant, as stated on the trial?

This Court can only look to the statement as settled by the Court below to determine the character and point of the objection made on the trial to the introduction of proposed evidence. We cannot consult the opinion of the Judge, in passing upon the motion for a new trial, to discover the real point of objection. The objection relied upon as found in the settled statement in this case "fails to specify the point upon which it rests." As stated, it seems to imply that the point of objection is, that the instrument is void as a conveyance of title to the Guatamala Company, because it is a *bill of sale*, not for want of a grantee named therein capable of taking.

Had the point been specified in the objection when taken on the trial, as stated and assumed by the Judge in his opinion granting the motion, plaintiffs might have entirely

obviated the objection by preliminary or subsequent evidence. The title of the complaint names the individual plaintiffs as composing the Guatamala Company, and defendants' answer recognizes the plaintiffs named as composing the Guatamala Company.

The deed upon its face is not void for want of a grantee named therein, and the objection as stated does not point to any defect of parties in the instrument, and all and each of the grounds or points of objection are untenable, or too vague and uncertain to entitle them to consideration on motion for a new trial.

To entitle objections to the admission of evidence to notice, " the party should have laid his finger on the point at the time." (*Martin* v. *Travers,* 12 Cal. 243.)

Order reversed and cause remanded.