[Civ. No. 7399. First Appellate District, Division Two.—November 18, 1930.]

S. H. POPE et al., Respondents, v. W. H. WENISCH, Appellant.

Hadsell, Sweet & Ingalls for Appellant.

Ford & Johnson and Fletcher A. Cutler for Respondents.

SPENCE, J.—Plaintiffs brought an action against defendant for damages resulting from an automobile collision. After a judgment in favor of defendant on a trial by jury, a new trial was granted. The defendant appeals from the order granting the new trial.

The order read "Motion for new trial granted." It will, therefore, be presumed that it was not based upon the ground of the insufficiency of the evidence. (Code Civ. Proc., sec. 657.) In support of the trial court's order granting the new trial respondents rely upon error in the instructions to the jury.

Appellant's first contention is that the new trial should not have been granted as there was no evidence to support a verdict for plaintiffs. We cannot agree with appellant in this regard. The accident happened in March, 1928, in a circle at the intersection of five streets in San Francisco. This circle has a radius of eighty feet and traffic from Taraval Street, Montalvo Avenue, Dewey Boulevard, Kensington Way and Claremont Boulevard enter upon it. Plaintiffs entered from Taraval Street and were proceeding in a general easterly direction almost directly across the circle to Kensington Way. Defendant entered from Dewey Boulevard proceeding in a general southwesterly direction with the intention of proceeding around the post in the center of the circle and then south on Claremont Boulevard. The machines collided near the center of the circle, the front of defendant's Chevrolet striking the left rear portion of plaintiffs' Studebaker. The record presents the usual conflict of evidence which ordinarily appears when witnesses attempt to describe the events surrounding the collision of moving vehicles at an intersection. The testimony relating to the speed of the machines and to their relative positions as they entered and traversed the intersection was in sharp conflict. It will serve no useful purpose to review the testimony in detail. It was plaintiffs' theory that they had first entered the intersection on defendant's right at a lawful speed; that they were entitled to the right of way and entitled to assume that the defendant would yield the right of way; that after observing the approach of defendant, plaintiff had directed his attention to traffic coming in on his right from Claremont Boulevard; that defendant had approached the intersection at a high rate of speed, had failed to reduce his speed or to yield the right of way and had attempted to turn his machine in the intersection without first seeing that this movement could be made in safety. It was defendant's theory that he had first entered the intersection at a lawful speed; that he had slowed down to permit plaintiffs to pass; that plaintiffs were traveling at a high rate of speed and that the collision occurred when his machine was practically at a standstill. Under the evidence it is our opinion that a close case was presented to the jury for their determination and that there

was sufficient evidence, if believed by the jury, to support a verdict for the plaintiffs and likewise sufficient evidence, if believed by the jury, to support a verdict for the defendant.

■ Appellant next contends that there was no error in the instructions to the jury and further that if error did exist, it was not prejudicial. Among the instructions there was but one "formula" instruction, which instruction was the one complained of by respondents on the motion for new trial. This instruction read as follows: "I instruct you that, if you believe from the evidence that plaintiff, S. H. Pope, saw the automobile of the defendant approach the circle, at the intersection of Dewey boulevard and Kensington avenue, at a high rate of speed, then I instruct you that it was the duty of said plaintiff to be vigilant and to exercise ordinary care to avoid collision with the automobile of defendant and, if you find from the evidence that plaintiff failed to exercise such vigilance and ordinary care, then your verdict will be against the plaintiff and in favor of the defendant." This instruction obviously omitted the essential element of proximate cause. "In order that the negligence of a plaintiff may release a defendant from liability such negligence must contribute proximately to the injury complained of." (19 Cal. Jur. 649, and cases cited.) It has been repeatedly held that a "formula" instruction directing a verdict under certain conditions must include all the conditions necessary to support such verdict. (*Rush* v. *Lagomarsino*, 196 Cal. 308, 319 [237 Pac. 1066]; *Starr* v. *Los Angeles R. Corp.*, 187 Cal. 270, 275 [201 Pac. 599]; *Pierce* v. *United Gas & Elec. Co.*, 161 Cal. 176, 184 [118 Pac. 700]; *Sinan* v. *Atchison, Topeka & Santa Fe R. Co.*, 103 Cal. App. 703 [284 Pac. 1041].) In order to entitle defendant to a verdict it was essential that the negligence if any, of plaintiffs be a proximate cause of the injury and it was error to omit this essential element from the foregoing instruction. There may be some doubt as to whether this error was prejudicial. The trial court evidently believed that it was. ■ In granting a motion for new trial on the ground of erroneous instructions it is proper that a wide discretion should be allowed to the trial court and the order granting the new trial should not be disturbed unless there appears to be an abuse of discretion. (*Thompson* v. *California Const. Co.*, 148 Cal. 35 [82 Pac. 367]; *Associated*

*Fruit Co.* v. *Marone,* 68 Cal. App. 358 [229 Pac. 868] ; 20 Cal. Jur. 140.) It does not appear that the trial court abused its discretion in granting the motion.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 18, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.