[Civ. No. 7487. Second Appellate District, Division One.—November 10, 1932.]

A. ENNULAT, Appellant, v. FRANK C. TAYLOR, Respondent.

Tapper & Tapper, Marks & Klenke and John H. Klenke for Appellant.

W. I. Gilbert for Respondent.

CONREY, P. J.—The plaintiff brought this action to recover damages resulting from alleged negligence of the defendant in driving an automobile, so that said automobile collided with another automobile in which the plaintiff was riding and which was driven by one Phillippo. The denials contained in defendant's answer raised substantial issues of fact, including a denial of any negligence by the defendant.

Defendant further pleaded an affirmative defense charging negligence of the driver Phillippo, which directly, proximately and concurrently contributed to plaintiff's alleged injuries. It was further alleged in the answer that the plaintiff and Phillippo were jointly engaged in operating and controlling the automobile in which the plaintiff was riding. In accordance with the verdict of a jury, judgment was entered in favor of the plaintiff in the sum of $5,000. Thereafter, on motion of the defendant, the court entered its order granting a new trial, from which order the plaintiff now appeals.

In its order granting the motion for a new trial the court did not state that the order was made upon the ground of insufficiency of the evidence to sustain the verdict. When the court does not so specify, "on appeal from such order it will be presumed that the order was not based upon that ground". (Code Civ. Proc., sec. 657.) Respondent contends, however, that this rule does not apply in a case where the evidence is insufficient in law to sustain the verdict. Assuming, without deciding, that this exception to the rule should be recognized on appeal from such an order, we have reached the conclusion that the evidence is, as a matter of law, sufficient to sustain the verdict. There is evidence tending to establish negligence on the part of the defendant, and there is evidence from which the jury was authorized to find that the plaintiff was not guilty of any negligence and further to find that the plaintiff and Phillippo were not jointly engaged in operating and controlling Phillippo's automobile.

Referring to that part of the motion for a new trial which rested upon the ground that there were errors of law occurring at the trial and excepted to by the defendant, appellant in his brief has directed attention, by their numbers, to certain instructions given to the jury, which he says were the only instructions which, in presenting the motion, respondent claimed were erroneous. As to these, appellant said that they would be "discussed later", but he did not give them any further attention in that brief. If respondent had left the matter there, we would not have been called upon to examine the instructions. But respondent in his brief has specified the instructions which he claims were erroneous, and has sought to justify that contention. We

therefore assume that the instructions not so specified were correct. The instructions said to be erroneous are those numbered respectively, seven, nine, thirteen, fourteen and three.

Concerning all of the above-mentioned instructions except number thirteen, it will be sufficient to say that in our opinion they contain no errors sufficiently prejudicial to the defendant to furnish adequate reasons for granting a new trial. This leaves for consideration instruction thirteen, which reads as follows: "The question as to whether or not Phillippo was negligent in the operation of the automobile in which plaintiff was riding is not to be considered by you, unless you find that at the time and place of the accident plaintiff was exercising control over said automobile or over Phillippo the driver or was engaged in a joint and common enterprise with said Phillippo." We do not approve the last clause as a complete statement of the law, but, of course, respondent does not address his argument to that point. His contention is that the instruction interfered with his right to have the jury determine "whether the negligent operation of the automobile in which appellant was riding, driven by Phillippo, was or was not, the sole, direct and proximate cause of the injuries sustained by appellant". On this point we think that the contention of respondent should be sustained. Assuming that the plaintiff was not negligent, and assuming also that the plaintiff was not chargeable with responsibility for any negligence of Phillippo, it remains true not only that the alleged negligence of defendant was an issue in the case, but also that the conduct of Phillippo in the management of his automobile, like the conduct of any other third person who might have been connected with the accident, would have to be considered by the jury if it had any tendency to aid in the determination of the issue concerning defendant's alleged negligence. The instruction as given to the jury was in effect an instruction that if the plaintiff was not exercising control over said automobile or over the driver Phillippo or was not engaged in a joint and common enterprise with said Phillippo, then that the question of whether or not Phillippo was negligent in the operation of his automobile was not to be considered at all by the jury. This was not a correct statement of the law. The court in granting the motion for a new trial may have

recognized this error, and may have been of the opinion that the giving of this erroneous instruction, taken in connection with the evidence in the case, was prejudicial to the rights of the defendant. We are of the opinion that in reaching this conclusion there was not any abuse of discretion on the part of the trial court.

For the foregoing reason the order granting a new trial is affirmed.

Houser, J., and York, J., concurred.