[Civ. No. 4615.   Third Appellate District.—November 22, 1932.]

MRS. S. C. DODDS, Respondent, v. MYRINE GIFFORD,
Appellant.

Myrick, Deering & Scott for Appellant.

H. K. Landram for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order granting a new trial in a suit for damages in an

automobile casualty case, after a judgment had been rendered in favor of the defendant.

The plaintiff was riding as a guest with the defendant who was operating her own car. They were driving southerly along the state highway between Delhi and Atwater. It was a clear evening in November. The automobile lamps were lighted. The highway was straight and level. They were trailing a truck and two other machines which were traveling at a rate of fifteen or twenty miles an hour. Both parties were familiar with the roadway in that vicinity. They were friends. The plaintiff had no occasion to question the defendant's ability as a cautious driver. The plaintiff neither possessed nor assumed control over the operation of the machine. The defendant attempted to pass the machines which were proceeding ahead of her car. No automobile lights were observed approaching on their left-hand side of the paved highway. Turning to her left the defendant had traveled a distance equivalent to two or three city blocks without being able to pass .the preceding cars, when suddenly she came upon the abutments of a concrete bridge, which she had not previously seen. There was room to pass the machines on this bridge, but the space was scant, and the defendant brought her car to a standstill within a few feet of the bridge. Almost immediately after the defendant had stopped her machine an automobile driven by one Canisso, approaching from the south, crashed into her car in a head-on collision. The defendant admitted she was so intent on watching the truck and other machines on her right-hand side that she did not observe the approaching machine until the collision occurred. The plaintiff sustained severe personal injuries as a result of the accident.

Suit for damages was instituted against the defendant for gross negligence under the provisions of section 141¾ of the California Vehicle Act as it then existed. The operator of the other machine which was involved in the collision was not a party to the action. The answer charged the plaintiff with contributory negligence. The cause was tried with a jury. A verdict was rendered in favor of defendant. A motion for new trial was granted. From the order granting a new trial the defendant has appealed. In support of this order the respondent contends that the new trial was properly granted on account of error which was

committed in giving to the jury certain prejudicial instructions at the request of the defendant.

Where a motion for new trial is made solely upon the ground of errors of law, and it is granted on that theory, a court of appeal will not review the cause on the doctrine that a mere discretion of the trial court has been abused. (*Cochran* v. *O'Keefe*, 34 Cal. 554.) The general rule, except in the mere consideration of questions of law, is that the granting of a new trial is largely discretionary with the trial court, and the order will not be disturbed in the absence of a clear abuse of discretion. (2 Cal. Jur. 905, sec. 533; *Peri* v. *Culley*, 119 Cal. App. 117 [6 Pac. (2d) 86].) In the present case the motion for new trial was made upon the ground of "insufficiency of the evidence to support the judgment", as well as for errors of law. The minute order of court granting the new trial recites that it is based upon the giving of erroneous instructions. Having determined as a matter of law that the giving of certain instructions was erroneous, it became the duty of the court to deny the motion for a new trial, unless, in the opinion of the court, these erroneous instructions resulted in a miscarriage of justice. The granting of a new trial necessarily infers that the court, in its discretion, assumed that the erroneous instructions did cause a miscarriage of justice. This result could be determined only by applying the erroneous instructions to the facts as they appear in the record. This involved the exercise of a discretion on the part of the trial court.

We are of the opinion that certain instructions which were given by the court at the request of the defendant, are prejudicially erroneous, and that a new trial was therefore properly granted. The following instruction was given to the jury: "Where a person is placed suddenly in a position of peril without sufficient time to consider all the circumstances, the law does not require of him the same degree of care and caution as it requires of a person who has ample opportunity for the full exercise of his judgment and reasoning faculties."

This instruction respecting the reasonableness of the conduct of one who is suddenly confronted with imminent danger, lacks one very essential element. In an emergency one may be relieved of the application of the general rule

of conduct which would ordinarily constitute negligence only when the emergency is not brought about by his own lack of reasonable care. (19 Cal. Jur. 598, sec. 36; *Graves* v. *Kern County Transp. Corp.*, 112 Cal. App. 261, 271 [296 Pac. 902].) In the case last cited it was held that an instruction similar to the one which was given in the present case was fatally defective because it omitted the qualifying provision that the rule does not apply to one who brings the peril upon himself by his own lack of care. The foregoing instruction which was given to the jury in this case is misleading because the plaintiff contended that the defendant was guilty of negligence in failing to inspect the highway on her left-hand side for approaching vehicles before she turned out from behind the machines which preceded her automobile; that it was the negligence of the defendant which placed her in peril on the wrong side of the highway. This instruction was therefore erroneous and prejudicial.

The jury was also instructed at the request of the defendant that, "If you should find that the defendant, the driver of the automobile in which plaintiff was riding, was driving it at a high rate of speed, and if you also find that the plaintiff knew of that fact in time to have objected and to have left the automobile, or to have the speed reduced to a lawful rate prior to the accident, and if you further find that she made no objection to the speed and made no request to be permitted to leave the automobile, and if you find that the accident was proximately caused in whole or in part by such unlawful rate of speed, then I instruct you that the plaintiff is not entitled to recover any damages from defendant, and your verdict must be in the defendant's favor."

This instruction is also erroneous. It is based upon the hypothesis that the machine was running at a high rate of speed. It reads, in that regard: "If you should find that the defendant . . . was driving at a high rate of speed, . . . your verdict must be in the defendant's favor." The evidence shows the defendant's machine was traveling not more than twenty-five or thirty miles an hour in attempting to pass the other automobiles. It may not be said as a matter of law that an automobile which is running only twenty-five or thirty miles an hour is traveling at such a

634

high rate of speed as to become so dangerous that a passenger is necessarily required to warn the driver against carelessness. It is apparent that a high rate of speed is not necessarily unlawful or dangerous. The question as to whether the machine was running at a dangerous rate of speed, or at such a high rate of speed as to require the plaintiff to protest, was a problem for the determination of the jury. The instruction omits this necessary element. It is fatally defective.

A similar instruction was likewise given in which the jury was directed to render a verdict in favor of the defendant "If you should find that the defendant . . . attempted to pass a line of cars, . . . and if you find also that the plaintiff knew of the facts and appreciated her danger in time to have objected, or to have the speed reduced." This instruction fails to specify any act or omission of the driver of the machine which is assigned as dangerous. It does not even assume that the automobile was traveling at a rapid rate of speed. The plaintiff's contention that the defendant failed to look for approaching cars before she attempted to pass the line of cars, is not even suggested in this instruction. The question as to whether any particular act or omission on the part of the driver constituted negligence should be left for the exclusive determination of the jury. This instruction is misleading and prejudicial. A similar instruction which was given in the case of *Dowd* v. *Atlas T. & A. Service Co.,* 187 Cal. 523 [202 Pac. 870], was held to be erroneous.

These are formula instructions which omit essential elements necessary to a full recitation of hypothetical facts upon which a court is warranted in directing a verdict. Such instructions have been repeatedly condemned by the Supreme Court. (*Douglas* v. *Southern Pac. Co.,* 203 Cal. 390 [264 Pac. 237] ; *Robinet* v. *Hawks,* 200 Cal. 265, 272 [252 Pac. 1045] ; *Pierce* v. *United Gas & Elec. Co.,* 161 Cal. 176, 184 [118 Pac. 700].)

Since these instructions were erroneous and prejudicial, it was the duty of the court to grant a new trial if the judge was satisfied they resulted in a miscarriage of justice. The question as to whether instructions are erroneous is a pure problem of law. The question as to whether erroneous instructions result in a miscarriage of justice

depends upon their application to the facts of the particular case as they are disclosed by the record. In determining whether erroneous instructions result in a miscarriage of justice the trial court is invested with a reasonable discretion. Section 4½ of article VI of the Constitution provides that a new trial shall not be granted on account of misdirection of the jury, "unless, after an examination of the entire cause, including the evidence, *the court shall be of the opinion* that the error complained of has resulted in a miscarriage of justice". The granting of a new trial for the giving of erroneous instructions necessarily infers that the trial court in the exercise of its discretion determined that these instructions did result in a miscarriage of justice. It does not appear this discretion was abused in granting the new trial. This court is therefore powerless to interfere with the ruling of the trial judge in that regard.

The order granting a new trial is affirmed.

Plummer, J., and Pullen, P. J., concurred.