[Civ. No. 9861. First Appellate District, Division Two.—December 4, 1935.]

JOE BORGES, Respondent, v. PACIFIC GREYHOUND LINES, INC. (a Corporation), et al., Appellants.

James F. Hoey, Warren Cunningham and F. G. Hamilton for Appellants.

Elliott Johnson, Jesse E. Nichols, Thomas M. Carlson, Robert M. Collins and D. W. Brobst for Respondent.

NOURSE, P. J.—Plaintiff sued for damages resulting from an automobile collision. The jury gave its verdict for the defendants, and judgment was thereupon entered. The plain-

tiff moved for a new trial on all the statutory grounds. The motion was granted on the sole ground that "the court had improperly instructed the jury". ██ The defendants appealed from this order and the only question before us is the propriety of the instructions. (Sec. 657, Code Civ. Proc.; *Cochran* v. *O'Keefe*, 34 Cal. 554; *Dodds* v. *Gifford*, 127 Cal. App. 629, 632 [16 Pac. (2d) 279].)

The plaintiff rested his charge of negligence on the excessive speed at which the defendant Holland operated the bus. The defendants denied such negligence and relied on the contributory negligence of the plaintiff. The bus was running on San Pablo Avenue, which was a through boulevard eighty-four feet wide and fully protected by the usual stop signs. The plaintiff stopped at one of these signs erected at the intersection of Bay View on the west side of the boulevard. He waited until some of the south-bound traffic had passed, then drove into the boulevard at a speed of twenty-five miles an hour. He stopped when in the center of the boulevard and let some traffic pass and, though he saw the bus approaching on his right, he "figured" that he could "beat him across". The evidence on the part of the defendants is that the bus was running at a reasonable speed; that when it struck plaintiff's car it shoved it about two feet on the pavement; that, when the driver saw that plaintiff was trying to go ahead of the bus he applied his brakes, sounded the horn, and brought the car practically to a stop. After striking plaintiff's car Holland pulled out of the traffic and stopped the bus at the curb about two hundred feet beyond the point of impact. The plaintiff's car continued on all four wheels across the boulevard and was brought to a stop about fifty feet away. The only semblance of a conflict offered by the plaintiff related to the speed of the respective cars and is too incredible to call for repetition because it is contrary to all the physical facts. The jury and the trial judge both held with the defendants on the evidence which demonstrates the contributory negligence of plaintiff as a matter of law.

Though the order referred to errors in the instructions generally we may limit our review to those which respondent attacks. (*Ennulat* v. *Taylor*, 127 Cal. App. 420, 422 [15 Pac. (2d) 900].) ██ The first of these advised the jury that there is a legal presumption that every man obeys the law and that such presumption is evidence. Respondent attacks

this on the authority of *Rogers* v. *Interstate Transit Co.*, 212 Cal. 36 [297 Pac. 884]. The case is not in point for two reasons: the instruction there condemned was on the presumption that a party takes ordinary care of his own concerns and was therefore free from negligence; second, the error of that instruction rested in the fact that the presumption of due care was dispelled by the evidence of the party relying on it. Here the instruction was a plain statement of the law as expressed by the legislature in section 1963, Code of Civil Procedure—"That a person is innocent of crime or wrong." There is a wide difference between an instruction that the law presumes that the car was operated "in a lawful manner" and one that the law presumes that the parties were exercising ordinary care and were free from negligence. So far as the evidence is concerned all that offered by the appellants was in accord with this presumption and the respondent offered no credible evidence to dispel it.

 Criticism is also made of the instruction defining the effect of presumptions and the evidence necessary to overcome them. The instruction as given was incorrect but no possible prejudice could have followed because the instructions as a whole fully covered the subject of the weight of the evidence and also because it could apply only to the presumption just mentioned since no other presumption was referred to. There can be no quarrel with the general statement that a preponderance of the evidence is not necessary to overcome, a presumption and that a "balance" is sufficient. But where, as here, there is no evidence bearing a semblance of contradicting the presumption then the presumption is itself evidence and the question of what is necessary to overcome it is purely academic.

 By a very patent error in the quotation of the record the respondents have found ground for an attack on the instruction relative to the *quantum* of proof necessary on the issue of contributory negligence. The jury was told that to find for the plaintiff it must find that the evidence fails to show by a preponderance thereof that respondent was guilty of contributory negligence. By inserting the word "not" in the instruction it is made to read "the plaintiff was *not* guilty of" contributory negligence. The argument of respondent would be unanswerable if the record supported his premise.

■ Finally, it is argued that the court erred in the instruction touching the element of unavoidable accident. The instruction reads in part: "Accident is an event happening without concurrence or will of the person by whose agency it is caused, . . . unforeseen and unexpected and unthought of occurrences . . . something that takes place . . . without design or neglect." The criticism is directed to the use of the words "or will". It is argued that this compelled the respondent to show that the acts of the appellants were wilful and that a showing of negligence alone would have been insufficient. This cannot be so because the jury was expressly told that the act must be "without design *or neglect*". Though the instruction is inaptly phrased the words "or will" could not have confused the jury because of what immediately follows. The meaning which the trial court tried to convey to the jury was that the event must have occurred without the intention, design or neglect of the appellants, but that it must also have been an event which could not reasonably have been anticipated or foreseen. It was merely an involved way of saying that the foundation of liability for negligence is knowledge, or the means of knowledge, of the peril which might cause injury.

We find no error in the instructions noted. An examination of the entire charge shows that the jury was fully and fairly instructed on all issues. The examination of the evidence discloses that the verdict of the jury was sound, and the record as a whole fails to show any miscarriage of justice.

The order is reversed that a judgment on the verdict may be entered.

Sturtevant, J., concurred.

SPENCE, J., Dissenting.—I dissent. The appeal was taken from the order granting a new trial. Certain instructions given by the trial court were erroneous while others were misleading. The question of whether the giving of said instructions was prejudicial was primarily a question to be determined by the trial court in ruling upon the motion for new trial and its determination should not be disturbed unless the trial court abused its discretion. (*Nieves* v. *Vigolino*, 135 Cal. App. 763 [27 Pac. (2d) 916]; *Pope* v. *Wenisch*, 109 Cal. App. 608 [293 Pac. 622]; 20 Cal. Jur. 140.) A review of

the record leads me to the conclusion that a close case was presented upon the issues of negligence and contributory negligence and that it cannot be said that the trial court abused its discretion in determining that the giving of said instructions was prejudicial. I am therefore of the opinion that the order granting a new trial should be affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 3, 1936, Spence, J., voting for a rehearing; and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 30, 1936.