[Civ. No. 507. Fourth Appellate District.—November 5, 1931.]

NORA FOLLETT et al., Appellants, v. W. D. BROWN et al., Respondents.

Samuel A. Rosenthal for Appellants.

Fred A. Wilson for Respondents.

MARKS, J.—Appellants are the children and widow of Leonard P. Follett, who was killed in a collision with an automobile belonging to L. J. Hayes and driven by W. D. Brown, on Third Street in the city of San Bernardino at about 6 o'clock in the afternoon of December 24, 1928. The case was tried before a jury, which returned a verdict in favor of appellants in the sum of $5,000.

Respondents made a motion for a new trial upon the following grounds: "1. Excessive damages, appearing to have been given under the influence of passion or prejudice. 2. Insufficiency of the evidence to justify the verdict. 3. Insufficiency of the evidence to justify the judgment. 4. That the verdict is against law. 5. That the judgment is against law. 6. Errors in law occurring at the trial, and excepted to by the said defendants." The order granting the motion for new trial appears in the record as follows: "Motion to vacate and set aside the verdict of the jury and grant a new trial herein, and heretofore submitted, is at this time granted."

Appellants' opening brief contains 118 pages with a 26-page supplement. The first 111 pages contain long quotations from the evidence and brief comments by counsel. The remaining seven pages contain an argument and citations on the following propositions: "The general minute order of the court which merely recites that the motion is granted, without specifying specifically the grounds thereof, excludes the question of 'insufficiency of the evidence'," and "The damages allowed herein by the verdict and judgment thereon are not excessive." There is no mention in the brief of any of the other grounds specified in the motion for new trial upon which the motion might have been granted.

Counsel for appellants should read the case of *Burns* v. *Renaker*, 116 Cal. App. 139 [2 Pac. (2d) 408], and Rule VIII of Rules of the Supreme Court and District Courts of Appeal and consider the insufficiency of his brief in the light of the language there used.

The following quotations from 2 California Jurisprudence are appropriate: "The appellate court can not be expected to prosecute an independent inquiry for errors upon which the appellant may possibly be relying. It will notice only those assignments pointed out in the brief. All others are deemed to have been waived or abandoned." (Page 728.) "An appellate court cannot assume the task of discovering the error in a ruling, and it is the duty of counsel by argument and the citation of authority to show the reasons why the rulings complained of are erroneous. Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned. Such contentions will not be considered by an appellate court, unless they are embraced in a discussion of other points. This has been repeatedly declared by the courts." (Page 732.) "All presumptions are in favor of an order granting or denying a new trial, and the burden is upon the appellant to make it affirmatively appear by a proper record that the order complained of is erroneous." (Page 887.) "When an order granting a new trial is silent as to the ground upon which it is made, and the record shows the existence of a valid ground, it will be presumed that the order was based on that ground. And where the order is granted upon a discretionary ground, every presumption will be indulged in favor of the proper exercise by the trial court of its judicial discretion." (Page 891.)

But two questions need be considered by us: First, does the evidence show that the deceased was guilty of contributory negligence as a matter of law; and, second, was plaintiffs' instruction number one, on the measure of damages, sufficiently prejudicial to support the order granting the motion for new trial?

The record contains an ordinance of the city of San Bernardino which prohibits pedestrians crossing the roadway between street intersections in the district where the accident happened. The evidence discloses that the deceased alighted from his son's automobile on the south side of Third

Street, a street running east and west, between "G" and "H" Streets in San Bernardino and proceeded northerly into the roadway until he was about 10 feet north of the south curb where he was standing when hit. According to the evidence offered by appellants, W. D. Brown was driving the automobile easterly on the south half of Third Street in the business district of San Bernardino at a speed of 30 or more miles per hour, and that a very few feet west of the point of impact, Brown swerved the car to his right, striking deceased with the edge of the right front fender, throwing him to the pavement and causing his death. Brown denied a speed in excess of 15 miles per hour or that he swerved his car to the right, and maintained that the deceased walked into the right side of his car in front of its center.

We may assume, but not hold, that deceased was negligent immediately preceding the accident, yet we must conclude that the question of whether or not such negligence contributed to the injury of the deceased was one of fact for the jury and not one of law for the court. The evidence is sharply conflicting, yet there is evidence in the record which would support the conclusions that both Brown and the deceased were negligent. Assuming, but not holding, that the deceased attempted to cross the roadway on Third Street contrary to the terms of the city ordinance, we may concede, but not hold, that this was evidence of negligence on his part. Whether or not this contributed to his injury and subsequent death depends upon the weight to be given other evidence and the reasonable deductions to be drawn therefrom. The evidence most favorable to appellants shows that deceased was standing still at the time of the impact and was struck by the right edge of the front portion of the right fender of the automobile. It is evident that had deceased and the automobile been separated by a very few inches there would have been no collision. If Brown swerved the automobile to the right and toward deceased just before the impact, the reasonable inference might be drawn that this swerving of the automobile from its direct course into the deceased coupled with the speed at which it was traveling, if more than 15 miles per hour, was the sole and proximate cause of the accident. Thus a question of fact was presented for determination by the jury as to whether or not the negligence of Brown, if any, was the sole and proximate

cause of the accident to which the negligence of the deceased, if any, might or might not have contributed. This being a question of fact, prohibits us from holding the deceased guilty of contributory negligence as a matter of law.

The first instruction given by the trial court was one requested by appellants, upon the measure of damages to be applied and used by the jury. It included, within the elements of pecuniary damages for which appellants might be compensated, "loss of love" of their father and husband. Love cannot be purchased with money, nor can a person be hired to bestow it. The value of love cannot be weighed against the coin of the realm. Therefore, our courts, adopting the rule prevailing in older jurisdictions, have excluded the loss of love as an element of damage in cases such as we are considering. In *Parsons* v. *Easton,* 184 Cal. 764 [195 Pac. 419], it was said: "But it is pecuniary loss only, and not loss of an object of love and affection, that the law recognizes as ground for allowing damages to the heirs of one whose death has been caused by the negligence of a third person."

The trial court evidently considered that there were errors of law occurring at the trial prejudicial to respondents. The instruction we have noted constituted an error of law. It is said in 2 California Jurisprudence, 905: "The granting or denial of a new trial is a matter resting so largely in the discretion of a trial court that it will not be disturbed except upon a manifest and unmistakable abuse. It is especially so when such discretion is used in awarding a new trial which does not finally dispose of the matter. It has been said 'that it is only in rare instances and upon very strong grounds that the Supreme Court will set aside an order granting a new trial'." The authorities cited support the rule announced in the text.

The court below did not abuse its discretion in granting the motion for new trial.

Order affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1931, and an appli-

cation by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1932.