[Civ. No. 8628. Second Appellate District, Division Two.—April 27, 1933.]

In the Matter of the Estate of LILLIAN B. WOOD, Deceased. GUY F. WOOD et al., Appellants, v. MABEL E. HARKER et al., Respondents.

Joseph M. Maltby for Appellants.

John C. Packard for Respondents.

CRAIG, J.—The third and final testamentary act of Lillian B. Wood, deceased, came before the Superior Court of Los Angeles County upon a contest by certain relatives of the deceased husband of said testatrix. To the question as to whether or not at its date she was unduly influenced in its making and execution by her sister and brother-in-law a verdict was returned in the affirmative. Thereafter a motion for a new trial was granted, from which order the contestants appealed, upon the ground that the evidence was sufficient to sustain the verdict.

Briefly stating the appellants' contention in support of the verdict of the jury, there was evidence tending to support the same had it withstood the test of scrutiny upon the motion for a new trial. They present as a basis for determining whether the testatrix was unduly influenced in making and executing her last will and testament the question as to whether or not Bert Harker and Mabel E. Harker, his wife, a sister of the deceased, sustained a confidential relationship toward her, actively participated in the making and execution of said will, at a time when the deceased was in a condition which would permit a subversion of her free will, and whether or not they benefited by the new will. By the appellants' summary in the superior court and upon appeal of the facts upon which the verdict was founded, positive testimony, in part uncontradicted, was given to the effect that the two relatives mentioned profited through an increase by said last will and testament of gifts made in

previous testamentary dispositions of the property of said deceased; that the testatrix resided with them, at her request letters and checks were at times written by her said sister, who on one occasion also loaned her money; that the brother-in-law had no knowledge or conversation at any time with the deceased as to her property; that one week before her demise she insisted in the presence of her sister and a nurse upon dictating her last will and testament to him; that when he demurred the testatrix arose from bed stating that she would have a will written or would write one herself; that Harker thereupon wrote as she dictated, and said document was signed and witnessed by said nurse and a neighbor. Upon such evidence was predicated the argument that the decedent was in a condition and so situated as to permit a subversion of her will, that her sister and the latter's husband occupied a confidential relationship, were in a position to exercise undue influence upon her, and that the latter had in fact prepared said will for her. ██ ''The granting or denying a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that its action is conclusive upon this court, unless it appears that there has been an abuse of such discretion; and it is immaterial whether the evidence is insufficient to sustain all or only a portion of the issues on which the judgment must depend.'' (*Domico* v. *Cassassa,* 101 Cal. 411 [35 Pac. 1024].) ██ ''Undue influence has been repeatedly defined to be 'the exercise of acts or conduct by one person toward another person by means of which the mind of the latter is subjugated to the will of the person seeking to control it' (*Estate of Newhall,* 190 Cal. 709, 717 [214 Pac. 231, 234, 28 A. L. R. 778]), that 'In order to establish that a will has been executed under undue influence, it is necessary to show, not only that such influence has been exercised, but also that it has produced an effect upon the mind of the testator by which the will which he executes is not the expression of his own desires. . . . ██ The presumption of undue influence is not raised by proof of a pressure which overpowered the volition of the testator at the time the will was made.' . . . The fact that the will of a testator may be unnatural, unfair, or unjust creates of itself no presumption that the decedent was incompetent or

that the instrument was procured by undue influence, nor does it shift the burden of proof to the proponent. In *Estate of Martin,* 170 Cal. 657, 663 [151 Pac. 138, 141], it is declared that 'a testator has the right to make an unjust or an unreasonable, or even a cruel will and that no will may be legally set aside upon the mere establishment that it is such a will.' '' (*In re Withington's Estate,* 99 Cal. App. 617 [279 Pac. 196, 199, 280 Pac. 152].) In no instance does the record disclose any substantial evidence of a testamentary act contrary to the desires of the testatrix from which it may be said that the trial court abused that degree of sound judicial discretion from which the order assailed must be presumed to have resulted. All presumptions in favor of such an order are indulged upon appeal. (*Hiraide* v. *Cochran,* 109 Cal. App. 377 [293 Pac. 165]; *West Coast Securities Co.* v. *Kilbourn,* 110 Cal. App. 593 [294 Pac. 57]; *Wulbern* v. *Gilroy Express,* 116 Cal. App. 222 [2 Pac. (2d) 508].) Speculation or suspicion as to the exercise of a corrupt influence flowing merely from opportunity must be substantiated by satisfactory evidence of a character which overcomes all such presumptions. It cannot be said from the record presented that the grounds of contest are so supported.

The order is affirmed.

Works, P. J., and Stephens, J., concurred.