[Civ. No. 9295. Second Appellate District, Division Two.—March 22, 1935.]

TILLMAN LA RUE et al., Respondents, v. SAMUEL POWELL et al., Appellants.

Davis & Thorne for Appellants.

P. E. Cavaney for Respondents.

CRAIL, J.—This is an appeal from a judgment for damages for personal injuries arising out of an automobile accident. ■ The appellants' first contention and the one upon which they place greatest emphasis is that the court erred in giving an instruction which by its terms purported to state the conditions necessary to a verdict and yet did not state all of those conditions but on the contrary overlooked the element of proximate cause and the defense of contributory negligence. The instruction complained of reads as follows: "You are further instructed that Martin La Rue· and Tillman La Rue are minor children of Thomas M. La Rue and Julia A. La Rue, and are among the · plaintiffs in this case. If you should find that the defendants are guilty of negligence, and that Martin La Rue is guilty of contributory negligence and that said minor, Tillman La Rue, is in no way connected with any negligence on the part of said Martin La Rue, then your verdict should be for the plaintiffs and Tillman La Rue, on their action for damages for the wrongful death of his mother, Julia A. La Rue."

"The authorities are legion to the effect that a so-called 'formula' instruction must contain all the elements essential to a recovery, and the absence of any one of such elements may not be compensated for nor cured by a reference thereto in other instructions correctly and fully stating the law. This principle is well stated in *Beyerle* v. *Clift*, 59 Cal. App. 7, 9 [209 Pac. 1015], wherein it is held that "if an instruction by its terms purports to state the conditions necessary to a verdict, it must state all those conditions . . . ' "" (*Douglas* v. *Southern Pacific Co.*, 203 Cal. 390 [264 Pac. 237].) We think it is obvious that the above instruction is fatally defective and although there are instructions inconsistent with it we are satisfied they do not correct the evil. The instruction practically deprives the defendant of a trial by jury under the negligence laws of the state and section 4½ of article VI of the Constitution

does not apply to such a situation. The case must be reversed and therefore there is no need for consideration of the several other points raised by this appeal.

Judgment reversed.

Stephens, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1935.