[L. A. No. 15955. In Bank.—December 23, 1936.]

ANN HALL et al., Respondents, v. A. LINCOLN DESSER, Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

Samuel L. Rummel for Respondents.

THE COURT.—We have examined the entire record in this cause and we are satisfied that the opinion prepared in the District Court of Appeal of the Second Appellate District, Division One, when the cause was there pending, correctly disposes of the appeal and we therefore adopt the opinion of Mr. Justice York as and for the opinion of this court. It reads:

"The action is one for damages for alleged unnecessary removal of certain organs of the plaintiff, Ann Hall. Hearing was had before the court sitting with a jury. The jury brought in its verdict for the defendant, whereupon the court granted plaintiffs' motion for new trial upon all the

grounds stated therein, including the ground that the evidence was insufficient to sustain the verdict, and that it was against law. Appellant thereupon excepted to the ruling, and upon this appeal urges that the trial court erred in granting plaintiffs' motion for new trial, specifying particularly that there is no evidence proving or tending to prove that the defendant was guilty of negligence alleged in the complaint, and specifying that, on the contrary, 'the evidence, by an overwhelming preponderance thereof, showed that the defendant in diagnosing and treating the plaintiff did so with the skill and care ordinarily possessed by practicing physicians and surgeons in the same locality'.

"Appellant also urges that there is no evidence proving or tending to prove that the defendant was guilty of negligence in his treatment of the plaintiff subsequent to the operation, but that, on the contrary, the evidence by a great preponderance thereof shows that at the time of the operation and at all times subsequent thereto the defendant exercised the skill and care which would have been exercised by a reputable physician practicing in the same or a similar locality.

"The motion for new trial was predicated upon notice of motion that plaintiffs would move the court for a new trial and to set aside and vacate the verdict of the jury upon grounds, which they alleged materially affected their substantial rights, to-wit:

"1. Insufficiency of the evidence to justify the verdict;

"2. That the verdict is against the law;

"3. Errors in law occurring at the trial and excepted to by the plaintiffs;

"4. Error of the court in giving instructions to the jury requested by the defendant.

"Unless the action of the trial court in granting the motion for new trial in the instant case was an abuse of its discretion, this court cannot interfere. Although the writer of this opinion,—looking at the cold record before this court,—might not have been inclined to grant the motion, the trial court had before it the witnesses, heard their testimony, saw the exhibits filed therein, and, when the motion was presented, granted it upon all the grounds stated. Our examination of the record does not disclose an abuse of discretion by the trial court in any of the particulars speci-

fied by appellant. If there is any substantial evidence which supports the order appealed from, it cannot be weighed by this court in determining whether or not the order of the trial court was properly made. This is exclusively within the province of the trial court. As already stated, the trial court had an opportunity to observe the witnesses as they were testifying; had an opportunity to observe the conduct of the jury, and the attention or inattention paid by the jury to its instructions, and, therefore, was informed as to whether or not any of the grounds stated in the notice of motion was sufficient to require a retrial of the cause.''

The order granting the motion for new trial is affirmed.