[Civ. No. 13197. Second Dist., Div. Two. Mar. 31, 1942.]

MITTIE B. HUNT et al., Appellants, v. PACIFIC ELEC-TRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

John C. Miles, Lee J. Myers and Harold Breacher for Appellants.

Frank Karr, C. W. Cornell and O. O. Collins for Respondents.

STEPHENS (Jess E.), J. pro tem.—Action by the mother and sister of Robert S. Hunt to recover damages by reason of the death of the latter, which plaintiffs allege was caused by defendants in the operation of a motor coach. The answer denies negligence and sets up contributory negligence as an affirmative defense. The jury returned a verdict in favor of plaintiffs and assessed the damages at $20,000.00.

Defendants thereafter made a motion for judgment notwithstanding the verdict, and this motion was denied. Defendants then moved for a new trial, and in their notice of motion specified all of the statutory grounds as set forth in section 657 of the Code of Civil Procedure. This motion was granted, and in its order the court adjudged "that the motion of the defendants . . . for a new trial in the above entitled action be and the same is hereby granted, and the court further specifies that one of the grounds upon which said motion is so granted is the insufficiency of the evidence to sustain the verdict heretofore rendered in said action."

Decedent Robert S. Hunt was a passenger on a bus belonging to defendants, and alighted therefrom onto the sidewalk at a regular bus stop a short distance from a street intersection. The driver testified that he then started the bus and moved up to the pedestrian lane and, upon the green signal light appearing, continued and was in process of making a right-hand turn into the intersecting street when in his mirror he saw decedent lying in the street. Until then he did not know there had been an accident. Only two other witnesses testified as to how the accident happened. A newsboy, called by plaintiffs, testified that he was on the corner across the street; that he saw the front end of the bus strike decedent and knock him down and that thereafter his view was obstructed by other traffic. A motorist called by defendants testified that he was driving in the rear of the bus but in the adjoining lane; that he saw decedent walking along the side-

walk after alighting from the bus; that he appeared unsteady on his feet, and just as the bus started up he slipped and fell under it, the rear right wheel passing over him. Two police officers called by defendants testified that they talked to Mr. Hunt at the receiving hospital, that his breath was alcoholic and that they found a bottle of whiskey, partly consumed, in his pocket. The hospital surgeon also testified that the victim's breath was heavy with alcohol.

The law is thoroughly settled that the matter of granting or refusing to grant a motion for new trial is largely within the discretion of the trial court. In the case of *Malloway* v. *Hughes*, 125 Cal. App. 573 [13 P. (2d) 1062], the subject is discussed and many cases reviewed. It is there said that "under the law as thus declared it is beyond the power of the reviewing court to interfere with the determination of the trial court unless a manifest abuse of discretion appears or there is no substantial conflict in the testimony on material issues and the evidence as a whole is insufficient as a matter of law to support a verdict in favor of the moving party."

Appellants in their brief contend that there was an abuse of discretion on the part of the trial judge, and quote at some length from his remarks made at the time of passing upon the motion for judgment notwithstanding the verdict, in which he is quoted as saying, among other things, that "I feel the matter submitted to the jury and all of those matters were properly submitted to the jury and that there was evidence sufficient to serve as a finding for the verdict which has been just returned by the jury." Whatever may have been the remarks or the views of the court on that occasion, he subsequently conducted a hearing upon the motion for new trial and became convinced that the motion should be granted. This action cannot now be impeached by any remarks made previously by the court during progress of the trial. (*Lucerne Country Club* v. *Beal*, 21 Cal. App. (2d) 121, 123 [68 P. (2d) 408].) The record discloses sharp conflict in the testimony as to the manner in which the accident occurred and no abuse of discretion is shown in the granting of the motion for new trial.

Other matters are discussed by counsel, involving a *nunc pro tunc* order made by the court subsequent to the appeal correcting the minute order made at the time of granting the motion. The effect of such correction was to include the other grounds of the motion as well as insufficiency of the evidence.

14

However, the actual order signed by the court, as well as the original and corrected minutes, specified insufficiency of the evidence to justify the verdict. As already indicated, the action of the trial court must be sustained upon this ground, without invoking the others included in the order and discussed in the briefs.

The order granting a new trial is affirmed.

Wood (W. J.), Acting P. J., and McComb, J., concurred.