[Civ. No. 6798.  Third Dist.  June 24, 1943.]

LILLIE B. ABERCROMBIE, as Administratrix, etc., Respondent, v. HERBERT THOMSEN, Appellant.

332

Blaine McGowan and Burt W. Busch for Appellant.

Lovett K. Fraser, Nichols & Richard and Jesse E. Nichols for Respondent.

PEEK, J.—This is an appeal by the defendant from an order granting plaintiff's motion for a new trial. The action arose out of a collision between an automobile operated by the deceased husband of plaintiff and a truck operated by defendant.

The plaintiff brought the action as administratrix of the estate of her deceased husband on behalf of herself and their three minor children. The answer of defendant denied the allegations of negligence appearing in the complaint, and charged decedent with contributory negligence; he also filed a cross-complaint charging deceased with negligence. At the conclusion of the trial a verdict was rendered by the jury in

favor of the defendant on the complaint but against him on his cross-complaint. Thereafter plaintiff moved for a new trial, and after a hearing thereon the court made its order granting the motion upon the grounds of, (1) insufficiency of the evidence to sustain the verdict, and (2) that plaintiff was prevented from having a fair trial because of the failure of one juror to disclose that he was a client of one of defendant's counsel, and therefore subject to challenge for cause under section 602 of the Code of Civil Procedure.

The accident itself occurred approximately a mile west of of the town of Upper Lake at a point where the Ukiah-Tahoe highway, running in a general easterly and westerly direction, is intersected by what is known as the Upper Lake Road. The only substantial controversy has to do with the question,—on what side of the highway did the collision occur; in all other particulars there is but slight variation in the evidence.

Plaintiff's testimony was that they had stopped at the stop sign before entering the highway; that defendant's truck was observed some 300 feet easterly of the intersection; that they completely traversed the intersection to the right side of the highway, turned left and proceeded easterly in their proper lane, but that defendant turned his truck from his lane over the center line into the half of the highway where deceased was driving; that decedent turned to the right in an effort to avoid the accident but the truck hit their car, the right front of the truck striking the left front and side of decedent's car.

The defendant's testimony was that decedent did not wait until he reached his side of the highway before turning to the left, but, in effect, deceased cut the corner and thereafter continued on the left or wrong side of the highway directly in the path of the oncoming truck, and although defendant put on his brakes and turned to the left he was unable to avoid the collision.

There are no eyewitnesses to the actual collision. One witness claimed to have noticed the rear end of the truck turn or swing to the right shortly before the collision occurred. There was considerable evidence of a skid mark, observed by witnesses immediately after the accident, which started on defendant's or north half of the highway and moved across the center to the south side, the mark extending about ten feet across the white center line. However, a traffic officer testified the only mark was on the south side of the highway.

The defendant, appellant herein, in particular objects to the statement by the judge in his order granting a new trial that: ''The evidence establishes almost without conflict that the impact . . . occurred on Abercrombie's own right hand, or the south, side of the highway, and that it was the left hand side of the Abercrombie car that was struck.'' The order contained the further statement by the court to the effect that decedent stopped his car before entering the intersection; that the visibility at the intersection was unobstructed; that his car had proceeded for at least a car's length along the highway before it became evident that the truck was about to cross into his lane; that the only question for consideration is whether or not the truck was in such a position as to appear to a reasonable person that it was an immediate hazard; that apparently it was not, by reason that decedent was in his proper lane at the time of the impact; that such facts leave no negligence proven on the part of decedent; that had the truck remained on its proper half of the highway no accident would have occurred.

In a similar case, *Owings* v. *Gatchell*, 32 Cal.App.2d 482 [90 P.2d 268], wherein, as here, there was a conflict in the evidence as to the movement of the cars preceding the accident and also a conflict as to the lane in which the impact occurred, an order granting a new trial for insufficiency of the evidence after a jury's verdict was upheld:

''The well-settled rule is, however, that the matter of granting or refusing to grant a motion for a new trial is largely within the discretion of the trial court . . .; that in passing upon such motion the trial court is not bound by the rule of conflicting evidence as is the appellate tribunal . . . ; but must weigh and consider the evidence for both parties and determine for itself the just conclusion to be drawn from it . . . ; and if satisfied that the finding of the jury is contrary to the weight of the evidence, it may grant a new trial . . . ; that even though the evidence is not conflicting and all the proof seems to be favorable to one or the other of the parties litigant, the question of the probative force or the evidentiary value of the testimony is nevertheless within the determination of the trial court in a proceeding on motion for a new trial . . . ; and that it is only in rare instances and upon very strong grounds that the determination of the trial court will be disturbed.''

The granting or denying of a new trial rests so fully

in the discretion of the trial court that its action is conclusive upon this court unless it appears that there has been an abuse of such discretion, and all presumptions in favor of such order will be indulged in upon appeal. (*Estate of Wood,* 131 Cal. App. 465 [21 P.2d 626].)

Defendant herein concedes the correctness of the foregoing rule but argues that there is no conflict in the evidence as the decedent's contributory negligence was established as a matter of law by uncontradicted evidence that if decedent had looked when he stopped at the stop sign he would have seen defendant approaching and would not have placed himself in peril. As against this, however, is plaintiff's testimony that when they entered the intersection defendant was some 300 feet away and that they not only had ample time to but did in fact cross the highway to their own lane, and the accident would not have occurred if the defendant had remained on his side of the highway. But whatever the personal contentions of the parties may be the fact remains that the trial court granted the motion for a new trial.

If the appeal herein was from the judgment entered on the verdict in favor of defendant it is quite possible it would be held that the evidence presented would be sufficient to sustain such judgment, but that is not the situation. Here we are dealing with an appeal from an order of the trial judge granting a new trial, and therefore on such an appeal we are governed by a totally different rule, for under that rule it is entirely beyond the power of the reviewing court to interfere with the determination of the trial court unless a manifest abuse of discretion appears. (*Malloway* v. *Hughes,* 125 Cal. App. 573 [13 P.2d 1062] ; *Hunt* v. *Pacific Electric Railway Co.,* 51 Cal.App.2d 11 [124 P.2d 89].) No such abuse of discretion has been shown.

Appellant further contends that the trial court erred in granting a motion for a new trial on the second point, to wit: the failure of a juror to reveal his relationship with one of the attorneys. The statement of the trial court was to the effect that although none of the questions asked were directed specifically to this relationship, yet the general questions required an answer but none was given; that the unfairness of one attorney having a client on the jury is manifest; that the law recognizes that bias is liable to exist under such circumstances; that the juror must be excused when so

challenged, and that if such relationship is not revealed the opposing side is deprived of an opportunity to exercise its right of challenge. In answer to this statement by the court the defendant states there was no direct question put to the juror which would have caused him to answer other than as he did, and that to a lay mind such a relationship has no significance.

The affidavit of the defense counsel shows that approximately two and one-half years prior to the time of trial he filed certain probate proceedings for the juror in question but because of the improvident condition of the estate no further steps were taken to conclude the proceedings. It is defendant's contention that by reason of the fact that the proceedings were started more than a year previous and that it is doubtful if the juror or defense counsel even had the matter in mind during the questioning, that such a situation presented nothing that was prejudicial to the plaintiff, and that therefore the question was not one which was contemplated by section 602 of the Code of Civil Procedure. Technically the juror was still represented by defendant's counsel, for the estate was still open and no action had been taken to close it.

The case of *Mast* v. *Claxton*, 107 Cal.App. 59 [290 P. 48], earnestly argued by defendant as directly in point is very similar to the one now before us. There the jury having given judgment to plaintiff, the defendant moved for a new trial. Upon denial of that motion he appealed, and among other things, alleged misconduct on the part of one of the jurors wherein he failed to reveal that he had been a client of one of the opposing counsel. In reviewing the case the appellate court stated: ''The question was entirely within the discretion of the trial court. It had the entire matter before it, heard and participated in the examination of the juror, and was in a better position to determine whether or not the situation worked to the prejudice of appellant than is this court.''

It is likewise true in this case the trial court heard the entire proceedings. After an evaluation of all of the facts it was the studied opinion of the court, based upon such facts and the knowledge of the entire case, that the plaintiff was precluded from having a fair trial. True, the factual conditions are very similar and the same situations exist in each case with the exception of one fundamental distinction. In the Mast case, *supra*, a motion for a new trial was denied—

here the motion was granted. ■ Therefore, the appellant herein is confronted with the further and well established rule that a stronger showing is required to justify interference with an order granting a new trial than one which has been denied. (*Whitfield* v. *Debrincat*, 18 Cal.2d 730 [64 P.2d 960].) Nor will the order be set aside where there appears to be a reasonable or fairly debatable justification therefor, even though a contrary order might not be disapproved, (20 Cal. Jur. 30) and where the trial court has any serious doubt it should be resolved in favor of the application. (*Hole* v. *Takekawa,* 165 Cal. 372 [132 P. 445].) That the court had a serious doubt is self-evident from the order granting the motion.

In view of the foregoing and in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion we must sustain the order of the trial court. (*Whitfield* v. *Debrincat, supra.*)

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.