[L. A. No. 19013. In Bank. Nov. 10, 1944.]

JANE MAZZOTTA, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation) et al., Defendants; SAMUEL FINKELSTEIN, Respondent.

Russell Hardy and Eugene E. Sax for Appellant.

Parker & Stanbury, Harry D. Parker and Vernon W. Hunt for Respondent.

EDMONDS, J.—A jury awarded Jane Mazzotta damages for personal injuries sustained by her as the result of a collision between an automobile driven by Samuel Finkelstein and a motorbus operated by Los Angeles Railway Corporation. Both Finkelstein and the corporation moved for a new trial upon all of the statutory grounds. Each motion was granted, that of the corporation because of errors of law and also upon the ground of the insufficiency of the evidence to sustain the verdict. The ruling in favor of Finkelstein was based upon certain instructions which the court declared were erroneous, and the appeal is prosecuted solely from that order.

It appears that the accident occurred on a clear sunny morning as the bus was being driven upon a six-lane street. In the middle of the block, along the northerly curb, two spaces were marked off for diagonal parking. The bus, operated by a student driver in the presence of his instructor, was westbound in the second lane. Finkelstein was using the third and center lane, driving his automobile in the same direction. After passing the bus to the left, he proceeded a short distance and then turned to the right in front of the bus, traveling across the second lane and heading into one of the parking spaces.

Finkelstein testified that he last saw the bus by looking into his rear view mirror. His car was then at a point about 15 or 20 feet from the place where he intended to park. At that time the bus appeared to be traveling slowly and between 50 to 60 feet to the rear of his car. According to his version of the accident, the bus struck his car after he had parked and alighted from it.

All of the other evidence was directly to the contrary. Several witnesses testified that Finkelstein turned his automobile in front of the bus when it was but 15 or 20 feet away. As one witness put it, ". . . all of a sudden, he pulled this car directly around in front of the bus, and made an effort to park." Several persons testified that the automobile was in motion at the moment of the impact and had not yet reached the curb.

The controversy concerning the propriety of the order ap-

pealed from principally relates to an instruction upon which Finkelstein, in part, based his motion for a new trial. It reads: "If you find from the evidence that the defendant Sam Finkelstein could have avoided this accident by exercising ordinary care in using his senses of sight and hearing to discover the presence of the Los Angeles Railway bus and in preventing his automobile from colliding with the bus, then you must find for the plaintiff Jane Mazzotta and against the defendant Sam Finkelstein." The appellant contends that the giving of this instruction did not prejudice Finkelstein, but even if it be an incomplete statement of law, the ruling that it warrants a new trial was an abuse of discretion. Any error caused by the giving of this instruction, she asserts, was cured by other charges in which the jury was fully and fairly instructed upon every issue of the case. In any event, she adds, no possible prejudice could have resulted to Finkelstein because under the evidence and law a verdict in his favor could not stand. In support of the order, Finkelstein maintains that the court's direction to find for the plaintiff under the particular circumstances stated was an incomplete and prejudicial formula instruction, and because of it, there was no abuse of discretion in granting him a new trial.

■ If, in the present case, the evidence as a whole would be insufficient as a matter of law to support a verdict in favor of Finkelstein, the order appealed from cannot be sustained. (*Estate of Baird,* 198 Cal. 490 [246 P. 324]; *Mercantile Trust Co.* v. *Sunset etc. Co.,* 176 Cal. 461 [168 P. 1037]; *Hitchcock* v. *Rooney,* 171 Cal. 285 [152 P. 913]; *Flood* v. *Petry,* 165 Cal. 309 [132 P. 256, 46 L.R.A.N.S. 861]; *Schlemmer* v. *Stokes,* 47 Cal.App.2d 164 [117 P.2d 396]; *De La Falaise* v. *Gaumont-British Picture Corp.,* 39 Cal.App.2d 461 [103 P.2d 447]; *Henderson* v. *Braden,* 35 Cal.App.2d 88 [94 P.2d 625]; *Wall* v. *Equitable Life Assur. Soc.,* 33 Cal.App.2d 112 [91 P.2d 145].) But his testimony, if believed, furnishes sufficient evidence to support a finding that he exercised ordinary care at the time of the accident. If the jury had returned a verdict for him upon his testimony that at the last time he saw the bus he was but 15 feet from the parking space while the bus was 60 feet to his rear and traveling slowly, the determination could not be said to be unsupported by the evidence. Two directly contrary versions concerning the happening of the accident were presented to the jury and it had the responsi-

bility of determining which account was correct. By its verdict the jury impliedly rejected Finkelstein's testimony but the record would substantially support a contrary conclusion.

 It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears. (*Koyer* v. *McComber*, 12 Cal.2d 175 [82 P. 2d 941]; *Fennessey* v. *Pacific Gas & Elec. Co.*, 10 Cal.2d 538 [76 P.2d 104]; *Hall* v. *Desser*, 8 Cal.2d 29 [63 P.2d 809]; *Sheets* v. *Southern Pac. Co.*, 212 Cal. 509 [299 P. 71]; *Abercrombie* v. *Thomsen*, 59 Cal.App.2d 331 [138 P.2d 701]; *Hunt* v. *Pacific Elec. Ry. Co.*, 51 Cal.App.2d 11 [124 P.2d 89]; *Whitfield* v. *Debrincat*, 18 Cal.App.2d 730 [64 P.2d 960]; *Bonner* v. *Los Angeles Examiner*, 17 Cal.App.2d 458 [62 P.2d 427]; *Estate of Wood*, 131 Cal.App. 465 [21 P.2d 626]; *Follett* v. *Brown*, 118 Cal.App. 198 [5 P.2d 51]; *Malloway* v. *Hughes*, 125 Cal.App. 573 [13 P.2d 1062].) Upon an appeal from an order granting a new trial, all presumptions favor the order as against the verdict (*Abercrombie* v. *Thomsen, supra; Estate of Wood, supra; Weaver* v. *Shell Oil Co.*, 129 Cal.App. 232, 233 [18 P.2d 736]) and the order will be affirmed if it may be sustained on any ground (*Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256 [143 P.2d 929]; *Thompson* v. *California Construction Co.*, 148 Cal. 35 [82 P. 367]; *Campanella* v. *Campanella*, 204 Cal. 515 [269 P. 433]; *Weaver* v. *Shell Oil Co., supra*) although the reviewing court might have ruled differently in the first instance (*Hall* v. *Desser, supra; Abercrombie* v. *Thomsen, supra; Whitfield* v. *Debrincat, supra*). And since a new trial may be granted upon the ground that the jury was erroneously instructed upon matters of law (Code Civ. Proc., § 657; *Brown* v. *George Pepperdine Foundation, supra; Sheets* v. *Southern Pac. Co., supra; Thompson* v. *California Construction Co., supra; Nieves* v. *Vigolino*, 135 Cal.App. 763 [27 P.2d 916]; *Manufacturers' Finance Corp.* v. *Pacific W. Radio Inc.*, 130 Cal. App. 239 [19 P.2d 1013]; *Pope* v. *Wenisch*, 109 Cal.App. 608 [293 P. 622]), the question for decision is whether this wide discretion was abused in granting Finkelstein's motion.

 The instruction upon which Finkelstein substantially relies as justifying the action of the trial court required the jury, under certain stated circumstances, to return a verdict

for Jane Mazzotta. It therefore includes a formula and may be justified only if it contains all of the elements essential to a recovery (*Brown* v. *George Pepperdine Foundation, supra; Stroud* v. *Hansen,* 48 Cal.App.2d 556 [120 P.2d 102] ; *La Rue* v. *Powell,* 5 Cal.App.2d 439 [42 P.2d 1063] ; *Keller* v. *Pacific Tel. & Tel. Co.,* 2 Cal.App.2d 513 [38 P.2d 182] ; *Wessling* v. *Southern Pac. Co.,* 116 Cal.App. 447 [3 P.2d 22] ; *Pope* v. *Wenisch, supra; Sinan* v. *Atchison etc. Ry. Co.,* 103 Cal.App. 703 [284 P. 1041]), and the absence of any one of the necessary elements may not be compensated for or cured by the fact that other instructions state the omitted factors required to sustain the verdict directed (*Douglas* v. *Southern Pac Co.,* 203 Cal. 390 [264 P. 237], followed in *La Rue* v. *Powell, supra,* and *Sinan* v. *Atchison etc. Ry. Co., supra.*) Certainly, to return a verdict against Finkelstein, the jury was required to find that he was negligent and that Jane Mazzotta was damaged as a proximate consequence of his conduct. Presumably the jury followed the challenged instruction although it does not include either of these issues and only loosely and incompletely touches upon the law of negligence.

■ The appellant asserts that a new trial should not be granted upon the ground of misdirection of the jury where the error is harmless and a different result would not be probable had the error not occurred. This rule is based upon article VI, section 4½ of the California Constitution and section 475 of the Code of Civil Procedure which declare that technical but harmless error shall provide no basis for a determination which would result in a miscarriage of justice, and courts are thereby given a wide discretion when called upon in the first instance to relieve from error assertedly committed during the course of a trial. Accordingly, it has been held that although an instruction may not include all of the factors essential to a recovery by the plaintiff, its use does not constitute prejudicial error where, considered together in their entirety, the instructions fully and fairly charge the jury with the law applicable to the case. (*Wells* v. *Lloyd,* 21 Cal.2d 452 [132 P.2d 471] ; *Westover* v. *City of Los Angeles,* 20 Cal.2d 635 [128 P.2d 350] ; *Miner* v. *Dabney-Johnson Oil Corp.,* 219 Cal. 580 [28 P.2d 23].) But much is committed to the discretion of the trial judge in determining a motion for a new trial which is made upon the ground of asserted error in instructions. (*Thompson* v. *California Construction Co., supra.*)

She was in a position to determine far more accurately than an appellate court the effect of a particular instruction upon the jury and in view of the conflicting testimony concerning the happening of the accident, her conclusion that Finkelstein was prejudiced by the charge complained of rests upon sound grounds. Certainly there is no showing whatever of any abuse of discretion.

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Schauer, J., concurred.