[L. A. No. 19741.   In Bank.   Aug. 13, 1946.]

WILLIE WILLIAMS, Respondent, v. FIELD TRANSPOR-
TATION COMPANY et al., Appellants.

Kenneth J. Murphy for Appellants.

Herlihy & Herlihy for Respondent.

EDMONDS, J.—Willie Williams sued Field Transportation
Company and J. M. Brown, its employee, for damages on
account of personal injuries assertedly sustained during the
loading of one of its trucks. Following verdict and judgment
in favor of the corporation and Brown, a new trial was
granted "upon the sole ground of the insufficiency of the evi-
dence to sustain the verdict as to all of the issues." The
appeal is from that order.

Brown, a truck driver employed by Field, was sent to the premises of Industrial Engineering Company to pick up a number of pieces of 16-inch pipe 40 feet long, each of which weighed 1,800 pounds. Upon arrival he presented his trucking order to W. E. Trimmel, the yard superintendent, and there was some conversation as to the method to be used in loading and stacking the pipe. Trimmel said that to place it in a pyramid would provide maximum safety but Brown, after a telephone conversation with his company's dispatcher, determined to use the strip or tier method, which allowed a larger load on the truck.

Trimmel pointed out to Brown that his truck was not adequately equipped to carry the pipe in tiers because it had no stringers. Brown then went to a dunnage pile, procured some timbers and placed his truck in position for loading.

A crane stood parallel to the truck and between the truck and the pipe rack. In placing the pipe on the truck, its 30-foot boom operated in a horizontal arc. From this boom hung a cable at the end of which was a spreader bar holding load lines and lifting hooks. By means of these hooks, inserted into the ends of a pipe, it was hoisted from the pile, swung over to the truck and lowered into position. The hooks were then removed and the crane's boom returned to the rack for another pipe.

Tag-lines or leader ropes extending from these hooks were used to guide the pipe and keep it from swinging. Williams was assigned to handle one of the tag-lines. Brown stood on the truck during the loading operations, just behind the cab. When a pipe reached the truck, Williams turned his line over to Brown who directed the pipe to rest. After it was in position for carrying, Brown pulled out the hook and handed it back to Williams. The man operating the tag-line at the other end of the pipe then released the hook under his direction, and he and Williams followed the boom as it returned to the pipe rack.

After five joints of pipe were laid in a row, Brown placed the stringers and blocking to keep them in place. Five sections were then placed in a second tier, each of which was directly on top of one of the first five. After being placed, these were also blocked and stringers laid across them. Under normal operations, the two rows would then be bound together by a chain cinched around them, but there is a conflict in the evidence as to whether this was done by Brown.

When the eleventh pipe was brought over, Williams handed his end of the line to Brown who directed the lowering of it, removed the hook and handed the hook and line back to Williams. Martin, the other tag-line man, removed the hook at his end of the pipe and both he and Williams started back to the pipe rack. Williams was then walking from the front to the rear of the truck between it and the crane. He had gone about 10 feet when the eleventh pipe rolled on to him. According to Brown's testimony, he had told Williams that walking between the truck and the crane was dangerous.

As grounds for the reversal of the order, the appellants assert that Williams failed to establish a prima facie case of negligence and that the evidence did not justify the court's instruction to the jury concerning the doctrine of res ipsa loquitur. Also, they contend, the evidence establishes, as a matter of law, that Williams was guilty of contributory negligence and voluntarily assumed the risk of injury. In support of the trial judge's ruling, Williams insists that the doctrine of res ipsa loquitur is applicable and that the evidence does not support an inference either of contributory negligence or of assumption of risk. Moreover, it is argued, as there is a conflict in the evidence, the order granting a new trial may not be set aside upon appeal.

■ An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion. "All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party." (*Ballard* v. *Pacific Greyhound Lines*, *ante* p. 357 [170 P.2d 465].) ■ Even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried. Only when, as a matter of law, there is no substantial evidence to support a contrary judgment, may an appellate court reverse an order granting a new trial. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689]; *Mazzotta* v. *Los Angeles Ry. Corp.*, *supra.*)

In the present case, the evidence clearly is sufficient to support a verdict in favor of the plaintiff. It was a question of fact as to whether Brown used due care in the loading of the truck and certain testimony tends to prove that he was guilty of negligence. The method of loading selected by him, the size of the pieces of lumber used as stringers between the rows of pipe laid on the truck, and the directions given Williams as to the handling of the tag-line and his return from the truck to the pipe rack after each section of pipe was loaded, were some of the factors proper to be considered in determining the issues of negligence and contributory negligence. Under these circumstances, there was ample ground for the exercise of judicial discretion in favor of a new trial.

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.