[Civ. No. 14241.   First Dist., Div. One.   Apr. 21, 1950.]

SUSAN KAWECKI, a Minor, etc., Appellant, v. JOHN FREDERICK MAGUIRE et al., Respondents.

Edward E. Craig for Appellant.

Brown, Rosson & Berry for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal from an order granting a defendant in a personal injury action a new trial upon the ground of the insufficiency of the evidence.

It is a well-established rule of law that when a new trial is granted upon the ground of the insufficiency of the evidence the order must be affirmed unless it can be said as a matter of law that the record does not contain substantial evidence to support a contrary judgment.

In the recent case of *Williams* v. *Field Transportation Co.*, 28 Cal.2d 696 [171 P.2d 722], our Supreme Court said, at page 698: ''An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion. 'All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party.' (*Ballard* v. *Pacific Greyhound Lines* . . . [28 Cal.2d 357 (170 P.2d 465)].) Even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried. Only when, as a matter of law, there is no substantial evidence to support a contrary judgment, may an appellate court reverse an order granting a new trial. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689]; *Mazzotta* v. *Los Angeles Ry. Corp.*, *supra*.)''

In 20 California Jurisprudence, at page 31, it is stated: ''Where the evidence is sharply conflicting, or the decision is upon bare questions of fact, an order granting or refusing a new trial will not be disturbed. Nor will such order be disturbed, as a general rule, if there is a substantial conflict in the evidence. In such case an order granting a new trial upon the ground of the insufficiency of the evidence to support the decision is entirely within the legal discretion of the trial court, which will not be deemed to have been abused, unless a decision in favor of the moving party would have no sufficient legal support in the evidence.'' And in 2 California Jurisprudence, at pages 942-943, it is stated: ''Although there may be a substantial conflict in the evidence, the court having heard

the evidence, and having had ample opportunity to judge as to the demeanor, manner and credibility of the witnesses, may, if it is dissatisfied with the verdict, and is of the opinion that it is clearly against the weight of the evidence, set it aside and grant a new trial. The judge of the superior court is in a position to judge between the apparent and the real, to detect the fallacy of specious testimony which may have misled the jury, but which his wider experience enables him to readily comprehend.''

Bearing in mind these familiar principles of law, we shall summarize briefly the evidence as shown by the record in this case.

Shortly before noon on November 7, 1946, the defendant, John Frederick Maguire, was driving a Nash club coupé east along Via Primero Street in San Lorenzo Village. This was a residential street, not a main thoroughfare. He was driving at between 10 and 15 miles per hour, the streets were dry and the day was clear. His wife was riding with him and while she looked for the street address of No. 16151, where he was expecting to make a call on an insurance client, he watched the road, knowing he would have to stop soon. On the south side of the street and a little west of No. 16140 Via Primero, a bakery truck, which was making house to house sales, was parked next to the curb. As defendant approached this truck and in order to pass he drove out across the unmarked center of the street, the truck being approximately 8 feet wide, defendant's car 6 or 7 feet wide, and the street 29 feet wide. As defendant's car was passing the truck and the front end of his car was still 3 or 4 feet behind the front end of the truck, defendant saw the plaintiff, Susan Kawecki, a 4 or 5-year-old girl, run out from in front of the bread truck. He immediately applied his brakes and swerved a little to the left, approximately 2 or 3 feet, to avoid running into her. The right end of the front bumper struck her, however, and she was thrown to the pavement. The child was not run over.

Mrs. Kawecki, Susan's mother (who at the time of the trial had remarried and had the name of Madge Mayall), testified that she lived at No. 16140 Via Primero at the time of the accident; that it was her habit to allow the children to go out to purchase bread from the bakery wagon; that it was ''their pet treat, so I let them''; that on the day in question she had sent Susan out to buy a loaf of bread, and that though it was not the first time Susan had gone it was ''one of the first times'' as ''she rarely went. It was usually the other children.'' On

this occasion Susan "had gone across the street to get the bread and had bought it, and was headed back" when the accident occurred.

The driver of the bakery truck, Victor Miller, did not see Susan's actual impact with the car because he was busy selling bread to a woman customer on the curb side of the truck, but he did see the child hit the pavement. She fell about 3 feet in front of the automobile. After the accident defendant got out of his car, but Mr. Miller had already picked up the crying child. Defendant then drove to the Hayward Hospital with Mr. Miller holding Susan in his arms in the front seat of his car, and defendant's wife and Mrs. Kawecki, who had come from her home across the street, were in the rear seat.

Two doctors, as well as Mrs. Kawecki, testified as to Susan's injuries. There was some question relative to resulting headaches, dizziness, very minor scars, and eyesight, but no serious injuries were shown.

A petition for appointment of herself as guardian *ad litem* and a complaint in the name of Susan Kawecki by such guardian were filed by Madge Kawecki on October 21, 1947. At the trial, in order that claim for medical expenses and evidence of contributory negligence might be introduced, Mrs. Kawecki individually was made a party. A motion for nonsuit was denied by the court. The jury returned a verdict in favor of Susan Kawecki for $1,500 against defendant, and in favor of defendant against Mrs. Kawecki.

Defendant moved for a new trial, enumerating as grounds all those given in section 657 of the Code of Civil Procedure. The court ordered "that defendant's said motion for new trial be granted on all issues upon the ground of the insufficiency of the evidence to sustain the verdict and judgment entered thereon in favor of plaintiff, SUSAN KAWECKI, . . ."

Notwithstanding appellant's earnest argument that the evidence shows clearly that respondent was negligent, and that the trial court abused its discretion in granting respondent a new trial, we believe that the foregoing summary of the evidence indicates there was a substantial conflict as to the issue of respondent's negligence. It is, of course, true that there was evidence to sustain the implied finding of the jury that respondent was negligent. ▪ But, upon a motion for a new trial, the trial judge, who is, in effect, the thirteenth juror, is not bound by the finding of the jury if there is any substantial conflict in the evidence. ▪ In the instant case the trial judge, in weighing the motion for a new trial, had

a right to conclude that respondent was not negligently driving on the wrong side of the road; that he was not negligently inattentive to the road ahead; that he was not negligently driving with impaired vision; that he was not driving at excessive speed, and that he was not negligently inattentive with regard to the presence of pedestrians.

We conclude, therefore, that the trial court did not abuse its discretion or exceed its power in granting a new trial, and that the order appealed from should be, and the same hereby is, affirmed.

Peters, P. J., and Bray, J., concurred.