[Civ. No. 19679. Second Dist., Div. Three. Dec. 28, 1953.]

MARCOS CANDELARIA, Appellant, v. BERNARD SCHWARTZ, Respondent.

Joseph W. Fairfield, Alfred S. Gainsley, and Ethelyn F. Black for Appellant.

Parker, Stanbury, Reese & McGee and A. P. G. Steffes for Respondent.

WOOD (Parker), J.—Plaintiff, who obtained a judgment for damages for personal injuries, appeals from an order granting defendant's motion for a new trial. The motion was granted upon the ground that an erroneous instruction was given.

On March 31, 1951, between 6:30 p. m. and 7 p. m., plaintiff was operating a motorcycle in an easterly direction on First Street in Los Angeles. Defendant, who had been driving an automobile in a westerly direction on that street, was making a left turn at the intersection of that street and Chicago Street. The vehicles collided within that intersection. There was no headlight or headlighting device on the motorcycle. Defendant did not see plaintiff before the collision occurred. On said day the sun set at 6:13 p. m.

At the request of plaintiff, the court gave the following instruction: "The law does not require that the motorcycle which the plaintiff was riding should be equipped with lighting devices prior to one-half hour after sunset. On March 31st, 1951, sunset occurred at 6:13 P.M. and so consequently, if you find that the accident occurred prior to 6:43 P.M. on that day you must likewise find that the mere fact that the plaintiff's motorcycle was not equipped with lights does not constitute negligence." (That instruction is referred to as plaintiff's instruction No. 1.)

At the request of defendant, the court read section 618 of the Vehicle Code as one of its instructions. A part of that section is as follows: "(a) Every vehicle upon a highway at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible any person or vehicle on the highway at a distance of two hundred feet shall be equipped with lighted lamps and lighting devices. . . ." (This instruction is referred to as defendant's instruction No. 1.)

In granting the motion for a new trial, the judge stated in substance that it was prejudicial error to give plaintiff's instruction No. 1 because it "overlooks all reference to that portion of Section 18 [618] of the Vehicle Code which relates to equipment of lighted lamps on motorcycles 'at any other time when there is not sufficient light to render clearly discernible any person or vehicle on the highway at a distance of 200 feet.' "

Appellant argues that his instruction No. 1 was correct; that all the testimony of all witnesses was to the effect that visibility was good, and consequently it would have been

error to ask the jury to determine as a matter of fact whether there was sufficient light to render clearly discernible any person or vehicle within 200 feet; and that the question of visibility was one of law.

Prior to the accident, the defendant had traveled from a place on First Street which was about 200 feet west of the intersection. Three boys, who were at said place with plaintiff, testified that it was still light when plaintiff left the place. Each boy also testified that he saw plaintiff reach the intersection. Plaintiff testified that the light was good when he left said place, and that he was pretty sure the street lights were not on. Defendant testified that it was dark when he reached the intersection; and that the lights on his automobile, and on other automobiles, were on. Mr. Chase, who was driving an automobile directly behind defendant, testified that it was just dusk when the accident occurred. There was a substantial conflict in the evidence on the question of visibility. The question was one of fact for the jury. As above shown, plaintiff's instruction No. 1 advised the jury to the effect that if the accident occurred prior to 6:43 p. m., it was not necessary that the motorcycle be equipped with lights. That instruction was erroneous because it did not advise the jury further to the effect that the motorcycle should be equipped with lighted lamps at any time when there was not sufficient light to render clearly discernible any person or vehicle on the highway at a distance of 200 feet. That instruction and defendant's instruction No. 1 (all of section 618 of the Vehicle Code) were conflicting. "[T]he granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears." (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338, 340].) The trial judge did not abuse his discretion.

The order granting a new trial is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied January 18, 1954, and appellant's petition for a hearing by the Supreme Court was denied February 24, 1954.