[Civ. No. 9474.   Third Dist.   Mar. 17, 1959.]

ROBERT E. DELANEY et al., Appellants, v. RALPH L. SMITH LUMBER COMPANY (a Corporation), Respondent.

L. C. Smith and R. P. Stimmel for Appellants.

Wallace, Garrison, Norton & Ray, Edwin J. Regan and Donald R. Kennedy, for Respondent.

SCHOTTKY, J.—This is an appeal from an order granting defendant Ralph L. Smith Lumber Company a new trial after a jury verdict in favor of plaintiffs in an action by plaintiffs to recover damages for injury to property as a result of allegedly negligent logging operations.

The record shows that the Delaneys operate the Trinity Alps Resort which is located in the Trinity Alps region of Trinity County. During the month of December, 1955, heavy rains in the area caused Stuarts Fork of the Trinity River to rise and to carry logs and debris down the river into and over the Delaneys' property. In the process buildings on the property and the dining wing of the resort were washed away and destroyed. The location of the resort is some 2 miles below the confluence of Van Matre Creek and Stuarts Fork. The Ralph L. Smith Lumber Company had been logging the East ½ of Section 19, Township 35 North, Range 9 West, which is above the confluence of the streams. After the damage to their property, the Delaneys brought this action to recover for the loss incurred against the lumber company and the other defendants.

The complaint alleged:

"That at all the times herein mentioned, the defendants were in the possession of and chargeable with the control and operation of all that certain lot, piece or parcel of land situate, lying and being in the County of Trinity, State of California, and described as follows:

"The E ½ of Section 19, Township 35 North, Range 9 West, M.D.M.;"

The complaint alleged further that the defendants during their logging operations negligently and carelessly deposited trees and large logs in and adjacent to Stuarts Fork; that the defendants could have ascertained by reasonable diligence that the debris and logs would be carried off during the usual run-off and that the logs and debris would have damaged plaintiffs' property.

The evidence presented was sufficient to sustain a verdict in favor of the appellants, the Delaneys. The trial judge granted a new trial because the complaint alleged negligence occurring on a particular parcel of land, and in the opinion of the trial judge there was no evidence in the record to identify the place from where the log that caused the major damage came. The record discloses that logging had been done on Section 18, as well as the southeast quarter of Section 19.

The order granting the new trial stated that it was granted

upon the ground of the insufficiency of the evidence. ■ It is well settled that when a new trial is granted upon the ground of the insufficiency of the evidence the order must be affirmed unless it can be said as a matter of law that the record does not contain substantial evidence to support a contrary judgment. The rule is well expressed in *Williams* v. *Field Transportation Co.,* 28 Cal.2d 696, 698 [171 P.2d 722], as follows:

"An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion. 'All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party.' (*Ballard* v. *Pacific Greyhound Lines, ante,* p. 357 [28 Cal.2d] [170 P.2d 465].) ■ Even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried. Only when, as a matter of law, there is no substantial evidence to support a contrary judgment, may an appellate court reverse an order granting a new trial. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305 [163 P.2d 689]; *Mazzotta* v. *Los Angeles Ry. Corp., supra.*)"

■ In the instant case there was testimony that the destruction of the dining wing of the resort was caused by a sawed log coming down Stuarts Fork, which log struck the concrete abutments and took out the supports of the wing. There was testimony that logging had been done in other areas which drained into Stuarts Fork of the Trinity River. There was no direct testimony to show that the log in question came from the East ½ of Section 19 where the alleged negligence of the defendants took place. The trial court could determine that the probative force of the testimony offered by the appellants was insufficient to sustain their burden of proof that the lumber company was responsible for the damage. Under such circumstances this court cannot say that the trial court abused its discretion.

Appellants make a lengthy and vigorous argument in support of their contention that the court abused its discretion

in granting a new trial on the ground of the insufficiency of the evidence. This argument would be very persuasive if the verdict of the jury had been against appellants and they were arguing a motion for a new trial, but in view of the evidence in the instant case and the broad discretion of the trial court in passing upon a motion for a new trial, we cannot hold that the court abused its discretion in granting respondent's motion for a new trial.

The order is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.